Argued December 4, 1973, affirmed January 17, 1974

SHAW, *Appellant, v.* ZABEL ET AL, *Respondents.*

517 P2d 1187

558

*James W. Lock,* Gresham, argued the cause for appellant. With him on the brief was Burns & Lock, P.C., Gresham.

*Edward H. Warren* and *James Gidley,* Portland, argued the cause for respondents. With them on the brief were Hershiser, Mitchell & Warren; Cosgrave & Kester; and Dezendorf, Spears, Lubersky & Campbell, Portland.

O'CONNELL, C. J.

This is an action to recover damages for personal injuries caused by the alleged negligence of defendants. Defendants demurred to plaintiff's complaint on the ground that the action was not commenced within the time limited by statute. The court sustained the demurrer and, plaintiff having failed to plead further, entered judgment for defendant. Plaintiff appeals.

The complaint, which was filed on August 17, 1972, alleged that as a result of defendants' negligence plaintiff was injured on July 25, 1964. The complaint also alleged that plaintiff reached the age of twenty-one years on March 2, 1972. Thus it appears that plaintiff was thirteen years old at the time of the injury.

ORS 12.110 provides that an action for personal injuries shall be commenced within two years. However, ORS 12.160 suspends the running of the statute for persons under certain disabilities. The relevant part of ORS 12.160 reads as follows:

> "If, at the time the cause of action accrues, any person entitled to bring an action mentioned in [ORS 12.115] is:
>
> "(1) Within the age of 21 years, * * * * * the time of such disability shall not be a part of the time limited for the commencement of the action; but the period within which the action shall be

brought shall not be extended more than five years by any such disability, nor shall it be extended in any case longer than one year after such disability ceases."

Application of ORS 12.160 to the facts alleged in the complaint would bar plaintiff's action after July 25, 1971, which would be seven years after the injury (the two-year period under ORS 12.110 plus the five-year maximum period under ORS 12.160), when she was twenty years old.

Plaintiff contends that the five-year limitation period in ORS 12.160 is violative of the equal protection clause of the U. S. Constitution (Fourteenth Amendment, § 1) and the privileges and immunities of the Oregon Constitution (Art. I, § 20), because it sets up two classifications which are without a rational basis.

First, it is contended that since ORS 12.160 permits an action for injuries suffered as a minor to be filed within the year following one's twenty-first birthday, the imposition of a five-year maximum extension arbitrarily and unreasonably differentiates between those minors under seventeen years of age at the time the standard statute of limitations period would expire and those minors then seventeen and older. The distinction is condemned because, although the minors in both classes are under the same disability at the time of the injury, those in the latter group are given the right to sue as adults while those in the former are denied this right.

The legislature could constitutionally put minors on the same footing as adults in limiting the period within which actions can be brought. *Vance v. Vance*, 108 US 514, 23 S Ct 854, 27 L Ed 808 (1883); *Murray v. City of Milford, Conn.*, 380 F2d 468 (2d Cir

1967); *Lametta v. Conn. Light & Power Co.*, 139 Conn 218, 92 A2d 731 (1952). The extension of the period in favor of minors is a legitimate exercise of the state's right to protect the interests of minor children. Plaintiff cannot argue, therefore, that as a minor she has a constitutional right to have the operation of the statute of limitations postponed until she has an opportunity to bring her action after she attains adulthood. Her argument, however, is that the extension provision is constitutionally objectionable because it creates the distinction between the two categories of minors previously noted.

Apparently the only way in which the inequality described by plaintiff could be obviated would be to eliminate the five-year extension provision altogether or to allow all infants to bring their actions after they have reached the age of majority. Plaintiff, for obvious reasons, does not urge the first alternative and we cannot accept the second. For if the latter choice is made, an infant who was injured at the age of one could postpone the bringing of his action for more than twenty years. The legislature decided that the postponement of an action for more than five years would not be socially desirable. The making of that choice necessarily had the effect of requiring some minors to bring their actions before they reached the age of majority or be barred. It is not for us to say that the legislative choice favoring the early disposition of lawsuits over the benefits which accrue to a minor in postponing his right to sue is an irrational one. We hold, therefore, that the classification adopted by the enactment of ORS 12.160 is not constitutionally offensive.

Plaintiff contends that the statute also operates

to create another classification which denies her equal protection of the laws. She argues that it is improper to apply the same extension period on the one hand to minors under seventeen and on the other to insane persons and inmates, because, she argues, the term of incapacity in the former group is definite and certain while in the latter it is generally unpredictable. Thus, she states, while it is fair for the legislature to strike a balance in favor of the relatively prompt disposition of lawsuits brought by members of the latter groups, it is unfair to do so with respect to the former.

■ We find this argument unpersuasive. In the first place, as with plaintiff's first contention, it is based on the implicit premise, which we have rejected, that an infant is entitled to the opportunity to sue as an adult before he can be constitutionally barred. Moreover, it depends on an inversion of the meaning of equal protection. Equal protection is relevant only when one is assessing the validity of different treatment by the state of persons who are members of the same class. When, as here, the impact of legislation is upon different classes (infants, inmates, insane persons), the equal protection clause has no application.

The judgment of the circuit court is affirmed.