Argued and submitted September 23, 1981, affirmed in part;
reversed and remanded in part March 22, 1982

In the Matter of the Compensation of
Diane Likens, Claimant.

LIKENS,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent.*

(WCB Case No. 80-02647, CA A21006)

642 P2d 342

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

Claimant appeals from a Workers' Compensation Board order that affirmed the referee's denial of her claims for compensation for occupational disease and for temporary total disability compensation, penalties and attorney fees because of the State Accident Insurance Fund's (SAIF) untimely denial of her claim. We affirm the denial of the occupational disease claim and reverse and remand the denial of temporary compensation, penalties and attorney fees.

■ Claimant quit her job February 13, 1979, allegedly due to low back pain. She submitted her notice of claim on January 7, 1980, three days after receiving a doctor's opinion purporting to connect her low back pain to her employment. On March 19, 1980, SAIF denied her claim for insufficient evidence and untimely filing. Claimant received no temporary compensation. The referee concluded that claimant had timely filed her claim but had failed to carry her burden of proof. He found her testimony not to be credible and her doctor's opinions supporting her claim to be based on incomplete information supplied by claimant. SAIF offered no contrary medical evidence. This case turns on claimant's credibility. The record contains numerous inconsistencies and discrepancies in her evidence. We conclude that claimant failed to carry her burden to prove occupational disease.

Temporary total disability compensation, however, is another question, for which the referee's and Board's answers were wrong, though for different reasons. The referee concluded that no temporary compensation was awardable, because claimant had not proved her "disease" to be compensable. The Board affirmed the denial after noting the referee's conclusion to be erroneous under *Jones v. Emanuel Hospital*, 280 Or 147, 570 P2d 70 (1977). The Board said:

> "* * * [Under *Jones],* interim compensation may be due whether or not the claim is ultimately found to be compensable. However, in this case, no interim compensation is due. * * * [Because there] is no proof claimant was off work due to her back condition and also no medical evidence presented authorizing time loss [,] * * * claimant has failed

to prove her entitlement to interim compensation for SAIF's late denial."[1]

■     In *Jones,* the court construed ORS 656.262 to require payment of temporary total disability compensation no later than the 14th day after the employer has notice of the claim: "* * * ORS 656.262 gives the employer two choices: deny the claim or make interim payments." 280 Or at 151. Here, the employer did neither. The validity of the claim, as later determined, is irrelevant.[2] The court in *Jones* held that the employer may not choose to delay acceptance or denial of the claim while making no temporary payments; further, because a claimant is not required to repay temporary total disability compensation, the court held that a claimant is entitled to recover unpaid temporary compensation even if the claim has finally been denied. The court did not condition that recovery on a claimant's proof of entitlement.

In *Jones,* the court also held the claimant to be entitled to penalties and attorney fees for the employer's unreasonable refusal to pay temporary benefits. Here, SAIF's denial was 12 days late. On appeal, it attempts to excuse that delay, but we find no excuse. SAIF merely and impermissibly "gamble[d] on the ultimate outcome." *Jones v. Emanuel Hospital, supra,* 280 Or at 152.

■     We find that SAIF unreasonably delayed denial and unreasonably resisted payment of temporary benefits. Claimant is entitled to recover not only those benefits, but penalties and attorney fees. ORS 656.262(8); *Jones v. Emanuel Hospital, supra,* 280 Or at 152-53. We remand for determination of the appropriate penalty up to 25 percent of the amount due and of reasonable attorney fees.

Denial of occupational disease claim is affirmed; denial of temporary compensation, penalties and attorney fees is reversed and remanded for a determination of penalties and attorney fees.

---

[1] The physician's report supporting her claim concluded that claimant had low back disability aggravated by lifting on the job. He could not determine whether the low back pain was caused by the lifting.

[2] SAIF did not contend in this case that claimant was not a "subject worker" at the time she allegedly sustained her occupational disease. *See Bell v. Hartman,* 289 Or 447, 615 P2d 314 (1980).