Argued and submitted November 25, 1981, affirmed in part;
reversed in part and remanded with instructions June 16,
reconsiderations denied August 5,
petitions for review allowed October 12, 1982 (293 Or 653)

In the Matter of the Compensation of
Sidney A. Stone, Claimant.

## STONE,
*Petitioner,*

*v.*

## STATE ACCIDENT INSURANCE FUND CORPORATION,
*Respondent.*

(WCB No. 79-8878, CA A21258)

646 P2d 668

Robert K. Udziela, Portland, argued the cause for petitioner. With him on the brief was Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause for respondent. With him on the brief were K. R. Maloney, General Counsel, and James A. Blevins, Chief Trial Counsel, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Claimant appeals an order of the Workers' Compensation Board which affirmed the referee's denial of his occupational disease claim for asbestosis and reversed the referee's order allowing his claim for interim compensation, penalties and attorney fees.

Claimant voluntarily retired from work in 1973 at age 62. At the time of the hearing he was 69 years of age. He concedes that his claim was filed more than five years after his last injurious exposure and thus would be barred under former ORS 656.807(1).[1] He contends, however, that the statute is unconstitutional as applied to his claim for asbestosis.

■ SAIF suggests that we avoid the constitutional issue by finding that claimant filed his claim more than 180 days from the date he was informed by a physician that he suffered from an occupational disease and that he is thus barred by the second provision of ORS 656.807(1). In support of this contention, SAIF points to the report of one of claimant's examining physicians, dated October 5, 1978, diagnosing him as suffering from asbestosis. However, nothing in that report indicates that claimant was informed of that diagnosis. Claimant testified that he was not informed that he suffered from asbestosis until March 22, 1979, and the referee so found. The evidence supports the referee's finding.

■ Claimant contends that ORS 656.807(1) is unconstitutional as it applies to asbestos-related occupational disease claims in that, because of the latency period of the disease, the five-year limit on filing claims precludes a class of workers from obtaining benefits under Oregon's Workers' Compensation law. He argues that (1) the distinction between the class of workers suffering asbestosis and

---

[1] Former ORS 656.807(1) provided:

"Except as otherwise limited for silicosis, all occupational disease claims shall be void unless a claim is filed with the State Accident Insurance Fund Corporation or direct responsibility employer within five years after the last exposure in employment subject to the Workers' Compensation Law and within 180 days from the date the claimant becomes disabled or is informed by a physician that he is suffering from an occupational disease whichever is later."

those suffering other occupational diseases bears no rational relationship to the purpose of the legislation and (2) the distinction denies workers with asbestosis claims a remedy for injury in violation of Article I, section 10 of the Oregon Constitution and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.[2]

Claimant's constitutional claim lacks merit. *Shaw v. Zabel,* 267 Or 557, 517 P2d 1187 (1974); *Josephs v. Burns & Bear,* 260 Or 493, 491 P2d 203 (1971). In *Josephs,* the Supreme Court observed:

"* * * It is a permissible constitutional legislative function to balance the possibility of outlawing legitimate claims against the public need that at some definite time there be an end to potential litigation." 260 Or at 503.

The legislature has perceived the inequality that results in cases of diseases with long latency periods. It has extended the period of limitation to ten years in claims for radiation injury, ORS 656.807(3), and by Or Laws 1981, ch 535, § 47 to forty years in claims for asbestosis or asbestosis-related diseases. ORS 656.807(4). Application of this statute is not involved in this case. The legislature is entitled to right perceived wrongs one at a time. The United States Supreme Court has explained:

" * * * [A] legislature need not run the risk of losing an entire remedial scheme simply because it failed, through inadvertence or otherwise, to cover every evil that might conceivably have been attacked. * * *" *McDonald v. Board of Election,* 394 US 802, 809, 89 S Ct 1404, 22 L Ed 2d 739 (1969).

We therefore hold that former ORS 656.807(1) is not unconstitutional as applied to claimant's claim for asbestosis.

■ Claimant next contends that the Board erred in reversing the referee's award of interim compensation, penalties and attorney fees. SAIF did not pay interim compensation within 14 days of July 26, 1979, the day it received notice of the claim, ORS 656.262(4), and did not

---

[2] Article I, section 10 of the Oregon Constitution reads in part, " * * * [E]very man shall have remedy by due course of law for injury done him in his person, property, or reputation." The Fourteenth Amendment to the United States Constitution reads in part, " * * * No state shall * * * deny to any person within its jurisdiction the equal protection of the laws."

accept or deny the claim within 60 days. ORS 656.262(6). It urges us to accept the reasoning of the Board in denying the claim for interim compensation that temporary total disability payments are meant to compensate a worker for time lost from work and that because claimant had voluntarily retired before he filed his claim, he is not entitled to interim compensation. We reject that reasoning.

■ The interim compensation provided for in ORS 656.262(4) prevents an employer from delaying acceptance or denial of a claim. *Jones v. Emanuel Hospital,* 280 Or 147, 151-52, 570 P2d 70 (1977). The liability for interim compensation attaches even if the claim is ultimately held noncompensable. *Jones v. Emanuel Hospital, supra.* There is no authority for denying compensation due to the age or retirement status of a claimant. *See Krugen v. Beall Pipe & Tank Corp.,* 19 Or App 922, 529 P2d 962 (1974). We do agree with the Board, however, that SAIF's liability for interim compensation attached only when SAIF received notice of the claim, July 26, 1979.

Affirmed in part; reversed in part; and remanded with instructions that the referee's order be reinstated in all respects, except that liability for interim compensation shall run only from July 26 to October 4, 1979, the date of SAIF's denial.