Argued and submitted September 26, reversed and remanded with instructions December 14, 1983, reconsideration denied March 9, petition for review allowed April 17, 1984 (296 Or 829) See 298 Or 405, 692 P2d 606 (1984)

In the Matter of the Compensation of
Anthony A. Bono, Claimant.

## BONO,
*Petitioner,*

*v.*

## STATE ACCIDENT INSURANCE FUND CORPORATION,
*Respondent.*

(80-11418; CA A27151)

673 P2d 558

Guy B. Greco, Newport, argued the cause for petitioner. With him on the brief was Greco & Escobar, Newport.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Claimant appeals the decision of the Workers' Compensation Board denying him "interim compensation,"[1] as well as penalties and attorney fees that he claimed as a result of SAIF's failure to pay interim compensation within 14 days and its failure to accept or deny his claim within 60 days. We reverse and remand.

ORS 656.262 requires that an insurer or employer pay the first installment of compensation no later than the 14th day after notice or knowledge of the claim.[2] ORS 656.262(6) requires that written notice of acceptance or denial of the claim be furnished to the claimant by the insurer or employer within 60 days after the employer has notice or knowledge of the claim.[3]

Although claimant was injured on October 9, 1978, in an automobile accident that all parties concede was within the course and scope of his employment, neither he nor the employer, who had immediate notice of the accident, believed that he could file a workers' compensation claim stemming from that accident, and he did not then do so. Instead, claimant retained an attorney to pursue an action against the driver of the other vehicle. After that attorney died, claimant retained his present counsel and was advised to file a workers' compensation claim. The employer received written notice of the claim August 26, 1980. SAIF accepted the claim as nondisabling on November 1, 1980. The evidence is

---

[1] "Interim compensation" is the term used by the court in *Jones v. Emanual Hospital*, 280 Or 147, 570 P2d 70 (1977), to describe compensation payable under ORS 656.262 before a claim is either accepted as compensable or determined to be for a compensable injury. The amount is the same as temporary total disability compensation.

[2] ORS 656.262(4) provides:

"The first instalment of compensation shall be paid no later than the 14th day after the subject employer has notice or knowledge of the claim. Thereafter, compensation shall be paid at least once each two weeks, except where the director determines that payment in instalments should be made at some other interval. The director may by rule convert monthly benefit schedules to weekly or other periodic schedules."

[3] ORS 656.262(6) provides, in pertinent part:

"(6) Written notice of acceptance or denial of the claim shall be furnished to the claimant by the insurer or self-insured employer within 60 days after the employer has notice or knowledge of the claim. * * *."

inconclusive as to whether claimant was employed in any manner from August 26 to November 14, 1980.

■ The Supreme Court and this court have construed liberally a claimant's entitlement to interim compensation. Interim compensation is payable even if the claim is ultimately held noncompensable, *Jones v. Emanuel Hospital,* 280 Or 147, 570 P2d 70 (1977), and even if the claimant voluntarily retires before filing his claim. *Stone v. SAIF,* 57 Or App 808, 646 P2d 668, *rev allowed* 293 Or 653 (1982), *appeal dismissed* 294 Or 442 (1983). In addition, this court has, at least impliedly, held that a claimant is entitled to interim compensation even though he was actually employed during the time between the employer's notice of the claim and the denial or acceptance of the claim. In *Likens v. SAIF,* 56 Or App 498, 642 P2d 342 (1982), the Board had disallowed interim compensation, because there was no proof that the claimant was off work or entitled to time off during the time in question, although the Board recognized that under *Jones* failure to prove a compensable claim did not defeat a claimant's right to interim compensation. In reversing, we noted that in *Jones* the court "did not condition that recovery [for interim compensation] on a claimant's proof of entitlement." 56 Or App at 501. The claimant was awarded interim compensation and penalties and attorney fees for the late denial and the nonpayment of interim compensation.

■■ The material facts of this case are indistinguishable from *Likens.*[4] SAIF failed to accept or deny the claim within 14 days after it had received notice of the claim, and claimant is therefore entitled to interim compensation from that day until the date when SAIF accepted the claim. The fact that the claim was accepted as non-disabling is irrelevant to entitlement to interim compensation. SAIF contends that, unless claimant missed work for three days following the injury, he is not entitled to any compensation, because he was not disabled within the meaning of ORS 656.210(3).[5] That statute, how-

---

[4] The fact that the claim was filed almost two years after the accident occurred does not affect any of the issues in this case. SAIF did not claim prejudice by that delay and accepted the claim without asserting that the claim was not timely filed.

[5] ORS 656.210(3) provides:

"No disability payment is recoverable for temporary total disability suffered during the first three calendar days after the worker leaves work as a result of his

ever, applies only to temporary total disability payments. If SAIF had accepted the claim as non-disabling or denied the claim within 14 days, it would not have been required to pay interim compensation, the function of which, as applied in *Jones,* is to induce prompt action by the employer. Claimant would be entitled to interim compensation even if a late denial of the claim were ultimately upheld; he should have no less right when a claim is accepted as non-disabling.

SAIF relies on two cases in support of its argument that no interim compensation is due. In *Williams v. SAIF,* 31 Or App 1301, 572 P2d 658 (1977), the claimant did not claim interim compensation for a two-week period after she had been released for work by her doctor. In determining what compensation was due the claimant on which a penalty could be assessed, we said that no compensation was due for that two-week period, because claimant made no claim for it. That case is inapplicable here.

SAIF also relies on *Candee v. SAIF,* 40 Or App 567, 595 P2d 1381, *rev den* 287 Or 355 (1979), in which we held that, for policy reasons, the claimant was not entitled to temporary total disability payments from SAIF when he was receiving payments from the non-complying employer equal to those that he would have received had he been employed. Although the issue was not whether claimant was entitled to interim compensation during a time of employment, an analogous rule here would suggest that interim compensation should be offset by wages earned during the period. In *Petshow v. Portland Bottling Co.,* 62 Or App 614, 661 P2d 1369, *rev pending* (1983), two insurers contested responsibility for the claim. One was late in denying the claim and was ordered to pay interim compensation; the other commenced payment of temporary total disability payments for the same period. We held that the insurer that paid temporary total disability payments was entitled to an offset against any future award of permanent disability for the amount of temporary total disability it had paid claimant during the time he was entitled to interim compensation.

■ ■ Although those authorities do not support SAIF's contention that claimant is not entitled to interim compensa-

compensable injury unless the total disability continues for a period of 14 days or the worker is an in-patient in a hospital. If the worker leaves work the day of the injury, that day shall be considered the first day of the three-day period."

tion if he was not disabled, *Candee* and *Petshow* lend some support to the argument that there should be an offset for the amount, if any, claimant earned during the period in question. Both of those cases, however, involved offsets against disability payments, not against interim compensation. We understand the rationale in *Jones* to be that interim compensation is primarily to induce insurers to deny a claim promptly or be required to pay interim compensation, regardless of the validity of the claim. It is not really payment for a compensable loss; its function is to protect a claimant against unreasonable delay in processing the claim. Here, as in *Jones,* if the insurer knew that claimant was working and that it could offset his earnings, there would be little, if any, incentive to process the claim expeditiously. Accordingly, we conclude that SAIF is obligated to pay claimant interim compensation with no offset for time worked.

■    Claimant also contends that the Board erred in failing to award penalties and attorney fees, both for the failure to pay interim compensation and for the late acceptance. It is clear that SAIF failed to pay interim compensation timely and also failed to deny or accept the claim within the 60 days prescribed by ORS 656.262. Because SAIF fails to advance a valid excuse for failure to comply with the statutory time limits, claimant is entitled to penalties and reasonable attorney fees, both for the late acceptance and for the late payment of interim compensation. *Jones v. Emanual Hospital, supra; Likens v. SAIF, supra; Stone v. SAIF, supra.*

Reversed and remanded for a determination of penalties and attorney fees.