Argued and submitted February 10, affirmed June 27, reconsideration denied September 28, petition for review denied November 20, 1984 (298 Or 238)

In the Matter of the Compensation of
Paul Stiennon, Claimant.

STIENNON,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent.*

(82-02978; CA A29158)

683 P2d 556

Mike Stebbins, North Bend, argued the cause for petitioner. With him on the brief was Hayner, Waring, Stebbins & Coffey, North Bend.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause for respondent. On the brief was Donna Parton Garaventa, Associate Appellate Counsel, State Accident Insurance Fund Corporation, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

In this aggravation claim, claimant appeals an order of the Workers' Compensation Board which reversed the referee and held that claimant is not entitled to temporary total disability (TTD), because he had retired prior to the date on which the claimed time loss occurred. We affirm.

Claimant sustained a compensable injury to his right knee on August 30, 1979. He turned 65 on December 7, 1979, and applied for his retirement in February, 1980. Since that time he has been receiving Social Security and his work-related pension. A determination order eventually awarded claimant time loss from December 5, 1979, through August 8, 1980, and 20 percent scheduled disability for injury to his right leg. Claimant requested a hearing on that determination order, and on April 6, 1981, the parties entered into a stipulation under which claimant received an additional 10 percent scheduled disability.

Claimant continued to have difficulty with his right knee and eventually surgery was scheduled for April 1, 1982. Before the surgery was performed, SAIF advised claimant that, although it would pay for the surgery because it was related to the compensable condition, it would not pay any TTD "as there is no loss of wages involved." After a hearing, the referee held that claimant was entitled to TTD from April 1, 1982, through August 9, 1982, and awarded a penalty of 25 percent for SAIF's unreasonable refusal to pay. The Board reversed, holding that claimant was not entitled to any time loss "because of prior retirement." Claimant appeals, contending that, even if he has retired, he is entitled to TTD and, in the alternative, that he is not, in fact, retired.

Temporary total disability payments are authorized by ORS 656.210(1), which states in pertinent part:

"When the total disability is only temporary, the worker shall receive during the period of that total disability compensation * * *."

Claimant relies on *Stone v. SAIF,* 57 Or App 808, 646 P2d 668 (1982), *rev den* 294 Or 442 (1983), which holds that an employer's liability for interim compensation is not affected by the fact that the employe has retired. That case is not controlling, however, because we have recognized that there is

a distinction between an employer's liability for TTD and its liability for interim compensation. *Bono v. SAIF,* 66 Or App 138, 141-42, 673 P2d 558 (1983), *rev allowed* 296 Or 829 (1984). The purposes of the two types of compensation are different. Interim compensation was devised

> "* * * primarily to induce insurers to deny a claim promptly or be required to pay interim compensation, regardless of the validity of the claim. It is not really payment for compensable loss; its function is to protect a claimant against unreasonable delay in processing the claim. * * *" *Bono v. SAIF, supra,* 66 Or at 143.

Consistent with that holding as to the purpose of interim compensation are the cases in which it has been held that liability for interim compensation is not affected by the fact that the claimant has retired, *Stone v. SAIF, supra,* is actually working for pay during the period of interim compensation, *Bono v. SAIF, supra,* or even by the fact that the claim is later held to be noncompensable *in toto. Jones v. Emanuel Hospital,* 280 Or 147, 151-52, 570 P2d 70 (1977).

■■ The same reasoning does not apply to a claimant's entitlement to TTD, the purpose of which is to compensate a claimant "for loss of income until claimant's condition becomes stationary in order to enable claimant to support self and family during that period." *Taylor v. SAIF,* 40 Or App 437, 440, 595 P2d 515, *rev den* 287 Or 477 (1979); *see also Hedlund v. SAIF,* 55 Or App 313, 317, 637 P2d 1329 (1981). Provision is expressly made in the statute for no TTD for the first three calendar days of time loss, unless the disability continues for a period of 14 days or the worker is in the hospital. ORS 656.210(3). In addition, the amount of the TTD payment is reduced if the claimant's inability to work is only partial. ORS 656.212. The entire statutory scheme illustrates that TTD was established for the purpose of compensating a claimant for wages lost because of inability to work as a result of a compensable injury. If the claimant has retired voluntarily following the injury, he can suffer no loss of wages, because, by definition, he has no expectation of receiving wages. The Board did not err in holding that claimant is not entitled to TTD for the period covering his surgery and his recovery therefrom if he had already retired.

■ Claimant's second argument is that, although he had been receiving social security and a work-related pension for

two years, he, in fact, had not retired. He contends that he had a part-time job as a carpenter for which he was paid $8.50 an hour. The only evidence on this point is claimant's testimony that he was paid for a total of six hours of work. We conclude that the record as a whole establishes that claimant has retired. The fact that he may accept an occasional odd job does not detract from that conclusion. He is, therefore, not entitled to any TTD other than that already awarded by the determination order.[1]

Affirmed.

---

[1] SAIF has not challenged claimant's entitlement to TTD up to the date on which he was determined to be medically stationary, even though that date was after he had retired. We note that it would be virtually impossible to determine whether claimant had retired because his physical condition was unstable and he was unable to work, or whether he decided to retire without regard to his physicial condition.