Argued and submitted May 9, affirmed in part and remanded in part September 12,
reconsideration denied October 26, 1984,
petition for review allowed January 15, 1985
See 298 Or 552, 693 P2d 1295 (1985)

In the Matter of the Compensation
of Sandra J. Hubbard, Claimant.

## HUBBARD,
*Petitioner,*

*v.*

## IMPERIAL FABRICS et al,
*Respondents.*

(82-04524 & 82-01681; CA A30189)

687 P2d 1114

Jerry K. Brown, McMinnville, argued the cause and filed the brief for petitioner.

Alice M. Bartelt, Portland, argued the cause and filed the brief for respondents Imperial Fabrics, Employer, and Traveler's Insurance Company, Insurer.

La Vonne Reimer, Portland, argued the cause for respondents Elastomeric Silicone Products, Inc., Employer, and Argonaut Insurance Companies, Insurer. With her on the brief was Lindsay, Hart, Neil & Weigler, Portland.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

**YOUNG, J.**

Claimant appeals an order of the Workers' Compensation Board which affirmed and adopted the referee's order. She contests the denial of unscheduled permanent partial disability for a low back injury, which occurred at Imperial Fabrics; compensability of an alleged new injury she suffered while employed by Elastomeric Silicone Products, Inc; and the denial of interim compensation, attorney fees and penalties against Elastomeric for untimely denial. We affirm the Board's denial of the claims. We reverse the denial of interim compensation, attorney fees and penalties and remand.

Claimant was employed by Imperial Fabrics when she injured her lower back on October 27, 1980. Dr. Moore, claimant's treating chiropractor, released her for work on December 1, 1980. He referred her to Dr. Poulson, M.D., who reported that claimant likely had a chronic lumbar strain and probably a degenerating lumbar disc. On March 31, 1981, he declared her medically stationary and released her for work. On the basis of range of motion measurements, he found a two percent impairment of the whole person. On April 24, 1981, a determination order was issued awarding claimant temporary total disability benefits from October 27, 1980, through March 31, 1981, less time worked.

Claimant testified that, on December 7, 1981, she reinjured her back while working for Elastomeric.[1] On December 9, 1981, she notified her employer of the injury and requested a claim form. The claim form was not provided. On December 31, 1981, Dr. Moore sent Argonaut, Elastomeric's insurer, a "Form 827 First Medical Report." The section entitled "Worker's Statement of Cause and Nature of Injury" recites "lifting molds out of presses, aggravation of old injury." Argonaut forwarded the claim to Traveler's, Imperial's insurer. Argonaut did not send claimant a notice of denial. On January 13, 1982, Traveler's denied Dr. Moore's claim for fees, because his report indicated a new injury at Elastomeric rather than an aggravation of the 1980 injury.

---

[1] Claimant initially contended that the injury occurred on December 8; however, at the hearing she testified that she was mistaken and that the injury actually occurred on December 7.

On January 22, 1982, Dr. Moore's office wrote to Argonaut:

> "We received your letter of 12-31-81 * * * and after researching the file * * * I realized what you were thinking. THIS IS A NEW INJURY. HER OLD injury was treated and cured as of 3-30-81. She was completely released and had no further back problems until she hurt herself again on 12-8-81 while employed for Elastomeric Silicone Products."

Claimant was terminated at Elastomeric for absenteeism. Her last day of work was January 15, 1982. On February 17, 1982, she filed an 801 form stating that she was injured December 8, 1981, while lifting molds from the presses at Elastomeric. On March 16, 1982, Argonaut denied the new injury claim on the grounds that the claim was not timely filed and that it was unable to "substantiate any on the job accident incident or occupational disease while employed by Elastomeric Silicone Products on December 8, 1981, which could have produced this condition."

■ Concerning the claim for permanent partial disability, the referee determined that claimant had failed to establish a loss of earning capacity and that, according to claimant, she had "completely recovered from any residuals resulting from that injury." Claimant, in writing, stated, "I feel I made a complete recovery from my 10/27/80 injury as I was not having any symptoms in my lower back at all." She testified at the hearing that between March, 1981, and December, 1981, she had had no symptoms at all. "It was like I was 100% better." Dr. Moore, who treated her, was also of the opinion that she had completely recovered from the injury at Imperial Fabrics. We take claimant at her word. The Board correctly denied permanent partial disability for the injury at Imperial Fabrics.

■ Concerning the claim for a new injury at Elastomeric, the referee determined that claimant failed to prove compensability. The referee's conclusion was primarily based on his findings concerning credibility. Claimant's testimony was in direct conflict with the testimony of Patty Jackson who, according to claimant, witnessed the injury causing incident. Jackson testified that claimant had been transferred to a sewing job two weeks before the incident, and that she and claimant were shopping for a sewing machine on the day in

question. The referee found that "[c]laimant's testimony is considered less credible than that of Patty Jackson." In *Hannan v. Good Samaritan Hosp.,* 4 Or App 178, 192, 471 P2d 831 (1970), we held that "[i]n so far as the resolution of an issue turns upon the credibility of witnesses the court should give weight to the findings of the hearing officer who saw and heard those witnesses." We have reviewed the record, agree that the question of compensability turns on the credibility of the witnesses and defer to the findings of the referee, which were adopted by the Board.

Claimant's right to interim compensation is based on ORS 656.262(2) and (4). ORS 656.262(2) provides:

"The compensation due under this chapter shall be paid periodically, promptly and directly to the person entitled thereto upon the employer's receiving notice or knowledge of the claim, except where the right to compensation is denied by the insurer or self-insured employer."

ORS 656.262(4) requires that an insurer pay the first installment of compensation no later than the 14th day after notice or knowledge of the claim.[2] The statutes require the employer or insurer to pay interim compensation if the claim is not accepted or denied within 14 days. *Jones v. Emanuel Hospital,* 280 Or 147, 570 P2d 70 (1977). The referee denied interim compensation because "claimant has not established that she was totally disabled for 14 days or was an in-patient at a hospital." In *Bono v. SAIF,* 66 Or App 138, 673 P2d 558,(1983), *rev allowed* 296 Or 829 (1984), we determined that the obligation to pay interim compensation until the claim is accepted or denied is imposed regardless of the merits of the claim and regardless of whether claimant continues to work.[3]

"Claim" is defined as "a written request for compensation from a subject worker or someone on the worker's

---

[2] ORS 656.262(4) provides:

"The first instalment of compensation shall be paid no later than the 14th day after the subject employer has notice or knowledge of the claim. Thereafter, compensation shall be paid at least once each two weeks, except where the director determines that payment in instalments should be made at some other interval. The director may by rule convert monthly benefit schedules to weekly or other periodic schedules."

[3] Although the evidence is inconclusive, it appears that claimant may have missed five days of work, but not consecutively, between December 7, 1981, and January 15, 1982, when she was terminated.

behalf, or any compensable injury of which a subject employer has notice or knowledge." ORS 656.005(7). Claimant testified, and Norma Jacobs, Elastomeric's office manager, agreed, that claimant reported the injury and requested a claim form on December 9, 1982.[4] Accordingly, Elastomeric had notice and knowledge of the injury on December 9, 1981.[5] Claimant is entitled to interim compensation from December 9, 1981, to April 16, 1982, the date of denial.

■  Argonaut failed to deny the claim within 14 days or pay interim compensation as required by ORS 656.262. It also failed to give claimant written notice of denial within 60 days of notice or knowledge of the claim as required by ORS 656.262(6). We find the delay in denial of the claim and the failure to pay interim compensation unreasonable and remand for determination of penalties and attorney fees. ORS 656.262(10);[6] *Likens v. SAIF,* 56 Or App 498, 642 P2d 342 (1982).

Remanded for an award of interim compensation, penalties and attorneys fees against Elastomeric; otherwise affirmed.

---

[4] Norma Jacobs, the bookkeeper for Elastomeric, testified:

"Q You recall the claimant's testimony that, on or about December 9th, she informed you that she had been injured while at ESP?

"A Um-hum.

"Q Is that correct.

"A Yes."

Claimant requested a claim form on the 9th. Elastomeric did not provide claimant with a claim form until she again requested one sometime after Argonaut received the medical report of injury from Dr. Moore on December 31.

[5] ORS 656.262(3) provides in part:

"Employers shall, immediately and not later than five days after notice or knowledge of any claims or accidents which may result in a compensable injury claim, report the same to their insurer. * * *"

[6] ORS 656.262(10) provides:

"If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382."