Argued and submitted September 18, affirmed in part, reversed in part and remanded
December 19, 1984

In the Matter of the Compensation
of Bobbie L. Macki, Claimant.

MACKI,
*Petitioner,*

*v.*

EBI COMPANIES,
*Respondent.*

(82-10850; CA A31103)

693 P2d 59

Kenneth D. Peterson, Jr., Hermiston, argued the cause and filed the brief for petitioner.

LaVonne Reimer, Portland, argued the cause for respondent. With her on the brief were Catherine Riffe and Lindsay, Hart, Neil & Weigler, Portland.

Before Joseph, Chief Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Claimant appeals an order of the Workers' Compensation Board that affirmed the referee's order that her claim is not compensable and that she is not entitled to interim compensation, a penalty or attorney fees. We affirm in part and reverse in part.

■    Claimant asserts that she suffered a compensable right shoulder injury on September 6, 1982. On *de novo* review, we find claimant not credible and that she has not sustained her burden of proof that her right shoulder condition is work-related. The denial is upheld.

Claimant, however, also assigns as error that the Board affirmed the denial of interim compensation, ORS 656.262(4), and a penalty and attorney fees for failure to pay it. ORS 656.262(10). The employer was notified of the claim not later than September 7, 1982. Insurer denied the claim on November 5, 1982, but did not pay interim compensation. The employer, with claimant's acquiescence, had previously arranged for her to take a leave of absence without pay from September 7 to October 1, 1982, to obtain treatment for a pre-existing right shoulder condition. She did not return to work when her leave expired. The employer terminated her employment on or about November 8, 1982.

■■    The Board erred in denying interim compensation. *Bono v. SAIF,* 66 Or App 138, 673 P2d 558 (1983), *rev allowed* 296 Or 829, 679 P2d 1366 (1984). *See also SAIF v. Norbeck,* 70 Or App 270, 689 P2d 339 (1984). Even if a claim is ultimately held noncompensable, *see Jones v. Emanuel Hospital,* 280 Or 147, 570 P2d 70 (1977), the employer does not know the claim is for a disabling injury, or the claimant is on a leave of absence following the injury, a claimant is entitled to interim compensation if the insurer does not deny the claim within 14 days of the time the employer received notice or knowledge of the claim. ORS 656.262(4). Insurer was obligated to pay interim compensation without offset until November 5, 1982.

■    Because insurer failed to advance a valid excuse for its failure to comply with the statutory time limits, claimant is also entitled to a penalty and reasonable attorney fees. *See Bono v. SAIF, supra,* 66 Or App at 143.

Affirmed on denial of compensability; reversed and

remanded for determination of interim compensation, penalty and attorney fees.