Argued and submitted January 22, affirmed May 14, reconsideration denied July 25, petition for review denied September 16, 1986 (301 Or 765)

In the Matter of the Compensation of
William E. Karr, Claimant.

KARR,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION et al,
*Respondents.*

(WCB 84-07920; CA A3632 9)

719 P2d 35

Edward J. Harri, Albany, argued the cause for petitioner. On the brief were Richard T. Kropp and Emmons, Kyle, Kropp, Kryger & Alexander, P.C., Albany.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Claimant seeks review of a Workers' Compensation Board order affirming the referee's decision that he was not entitled to temporary total disability after his retirement.

Claimant injured his back on the job in July, 1980, while working for the Linn County Road Department. He underwent a long period of treatment and tried unsuccessfully many times to return to work. In October, 1982, the county asked claimant, then age 61, if he had plans to retire, and he indicated that he did not. In June, 1983, the county advised him that it had no work for him because of his physical limitations.

In July, 1983, Dr. Erkkila reported that claimant was medically stationary but that, because of the extent of his limitations, he could do no heavy work. On July 12, 1983, a determination order awarded claimant time loss to June 3, 1983, and 40 percent permanent partial disability. That order was affirmed by a referee and is not in issue. On August 8, 1983, claimant applied for Social Security disability and retirement benefits, and, sometime between August 23, 1983, and October 18, 1983, he applied for early retirement benefits under PERS. Disability benefits were denied, but Social Security and PERS retirement benefits were granted and were paid retroactively to July and August, 1983, respectively. The county terminated his employment on September 9, 1983.

On August 23, 1983, claimant was examined by a doctor, who recommended surgery, which was performed on February 27, 1984. SAIF reopened the claim, effective February 27, 1984, but has not paid temporary disability benefits since the claim was closed in July, 1983. Claimant contends that he is entitled to those benefits from and after August 23, 1983, and requested a hearing when SAIF refused to pay them. The referee concluded, relying on *Cutright v. Weyerhaeuser Co.*, 299 Or 290, 702 P2d 403 (1985), and *Stiennon v. SAIF*, 68 Or App 735, 683 P2d 556, *rev den* 298 Or 238 (1984), that claimant was not entitled to temporary total disability payments, because he had voluntarily retired. The Board agreed.

Claimant asserts that he is entitled to time loss, because his retirement was not voluntary in that it was necessitated by his physical condition. Whatever the reason,

claimant has withdrawn from the work force. Temporary total disability is awarded for lost wages, *see* ORS 656.210(1), and a person who has withdrawn from the work force has no lost wages. *Cutright v. Weyerhaeuser Co., supra,* 299 Or at 302. After his retirement, claimant was not entitled to temporary total disability payments.

Affirmed.