Argued and submitted August 31, 1987, reversed and referee's order reinstated
March 9, 1988

In the Matter of the Compensation of
Robert F. Sykes, Claimant.

SYKES,
*Petitioner,*

*v.*

WEYERHAEUSER COMPANY,
*Respondent.*

(WCB 85-04503; CA A42587)

750 P2d 1171

Karen M. Werner, Eugene, argued the cause for petitioner. With her on the brief were James L. Edmunson and Malagon & Moore, Eugene.

Allan M. Muir, Portland, argued the cause for respondent. With him on the brief were William H. Replogle and Schwabe, Williamson & Wyatt, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Claimant seeks review of a Workers' Compensation Board order holding that he is not entitled to temporary total disability, because he has "effectively retired." We reverse.

Claimant, a 54-year-old lumber worker, suffered a series of heart attacks and underwent quadruple bypass surgery between 1972 and 1983. In early 1983, he returned to light duty in a lumber mill, first as a "clipper spotter" and then as a "clipper operator." The latter position was particularly well suited to his physical limitations, because it allowed him to sit down and required only that he activate a button when appropriate. In February, 1985, the mill was placed on a work week consisting of four ten-hour days. A short time later, the jobs of clipper operator and clipper spotter were consolidated. Claimant experienced increasing difficulties performing those consolidated duties. He wrote a note to his employer requesting lighter work. At approximately the same time, the production of the mill was substantially reduced and claimant was laid off.

When the mill later increased production, claimant sought reemployment in the mill's general labor pool. Employer, however, did not have a position that it believed would fit the limitations set by claimant's physician. Claimant became despondent over his physical condition and employment prospects and began treatment with a psychiatrist. He applied for unemployment compensation. Three months later, he filed a workers' compensation claim, seeking temporary total disability for aggravation of his psychological and medical condition. Employer denied the claim.

The referee found no aggravation of claimant's physical condition but granted temporary total disability on the basis of aggravation of his psychological condition. The referee specifically found that claimant had not voluntarily retired. On appeal, the Board reversed, finding that claimant had "effectively retired" because of his physical condition some months before the filing of his aggravation claim.[1]

---

[1] The Board's opinion states, in relevant part:

"Claimant suffers from the compensable physical and psychological effects of multiple myocardial infarctions. We find that as a result of those effects claimant effectively retired from the workforce several months before his treating psychia-

■     Employes who withdraw from the work force are not entitled to temporary total disability benefits. *Cutright v. Weyerhaeuser Co.,* 299 Or 290, 702 P2d 403 (1985). The issue here is factual. The Board cited our decision in *Karr v. SAIF,* 79 Or App 250, 719 P2d 35, *rev den* 301 Or 765 (1986), as the basis for its conclusion that claimant had retired, although perhaps involuntarily. *Karr* is factually distinguishable. There, the claimant had in fact retired and showed that decision by applying for Social Security and employment-related retirement benefits. He claimed that the decision to retire was not voluntary but was necessitated by his physical condition. We concluded that a worker who withdraws from the work force, even involuntarily, is foreclosed from temporary total disability benefits.

■     Claimant has not withdrawn from the work force.[2] He has indicated a reluctance to return to work because of his physical limitations but has expressed a willingness to accept employment within his limitations. There may be questions about his motivation to return to work, but he has not voluntarily or involuntarily withdrawn from the work force.

Reversed; referee's order reinstated.

---

trist found him not medically stationary from a psychiatric standpoint on August 27, 1985. In his Opinion and Order dated April 23, 1986, the Referee awarded temporary total disability compensation beginning on the date claimant was declared not medically stationary. The employer requested reconsideration, asserting that under *Cutright v. Weyerhaeuser,* 299 Or 290 (1985), a claimant who has voluntarily retired from the workforce is not entitled to receive temporary disability compensation. In his Order on Reconsideration dated May 15, 1986, the Referee adhered to his prior order, finding that claimant had not *voluntarily* left the workforce, thereby implying that the effects of claimant's compensable conditions had necessitated his leaving work.

"One day before the Referee's Order on Reconsideration was published, the Court of Appeals decided *Karr v. SAIF,* 79 Or App 250 (1986), wherein it held that a retired claimant is not entitled to receive temporary total disability payments, regardless of whether he retires voluntarily or involuntarily. We are bound by the court's decision. The present claimant, who is retired, is not entitled to temporary total disability."

[2] Claimant received unemployment compensation after he was laid off. *See Wells v. Pete Walker's Auto Body,* 86 Or App 739, 740 P2d 245, *rev den* 304 Or 406 (1987).