Argued and submitted January 15, affirmed June 22, 1988

In the Matter of the Compensation of
Roland L. Dawkins, Claimant.

**DAWKINS,**
*Petitioner,*

*v.*

**PACIFIC MOTOR TRUCKING,**
*Respondent.*

(WCB 85-11265; CA A43907)

756 P2d 60

Randy M. Elmer and Vick & Gutzler, Salem, filed the brief for petitioner.

Thomas W. Sondag, Portland, argued the cause for respondent. With him on the brief was Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

The sole issue in this workers' compensation case is whether claimant is entitled to temporary total disability (TTD) compensation for time loss which occurred after he had suffered an aggravation of a compensable injury that had forced him to leave the labor market. We affirm the Board's order that claimant is not entitled to TTD.

Claimant is a 61-year-old truck driver who was seriously injured in a job-related accident in August, 1982. He underwent surgery to relieve a subdural hematoma. In June, 1983, two of claimant's doctors determined that, although his condition had deteriorated since the accident, he was medically stationary. At that time, he suffered from a movement disorder, agitation and loss of stamina.

In February, 1984, a determination order awarded claimant permanent partial disability of 176 degrees for 55 percent unscheduled disability resulting from his head injury. He did not seek review and, in March, 1984, stipulated with employer to an additional disability award of 30 percent, for a total of 85 percent unscheduled disability. In April, 1984, he entered a vocational rehabilitation program which he did not complete, because his counselor determined that his physical limitations, poor memory and fatigue would prevent him from doing so. He has not worked since 1982.

In July, 1985, his doctor concluded that claimant's condition had worsened since January, 1984. An aggravation claim was filed and, in April, 1986, employer reopened the claim for payment of medical services but denied time loss benefits. The Evaluation Division found claimant to be medically stationary as of March 20, 1986, and awarded him benefits for permanent total disability as of that date and denied the claim for time loss benefits from July 26, 1985 to March 20, 1986. On June 6, 1986, a hearing was held on the denied portion of his claim. At that time, he was drawing disability benefits from Social Security and from his union, but he was not receiving any retirement benefits. On the advice of his doctors, he has not sought work since his accident in 1982. The referee ruled that claimant is not entitled to time loss, relying on *Cutwright v. Weyerhaeuser Co.,* 299 Or 290, 702 P2d 403 (1985), and *Karr v. SAIF,* 79 Or App 250, 719 P2d 35, *rev den* 301 Or 765 (1986). The Board affirmed.

Claimant contends that his withdrawal from the labor market should not preclude an award of temporary total disability, because it was involuntary and was the result of his work-related disability.[1] As we held in *Karr v. SAIF, supra,* a claimant who withdraws from the work force is not entitled to those benefits, which are awarded for lost wages. ORS 656.210(1). *Sykes v. Weyerhaeuser Company,* 90 Or App 41, 750 P2d 1171 (1988). A person who has withdrawn from the labor market, whether as a result of his injury or for other reasons, has no lost wages. It may be that claimant's original claim was prematurely closed or that his award was inadequate; however, neither of those questions is presented here.

Affirmed.

---

[1] If claimant was forced by his injuries to withdraw from the labor force, then he should have sought to modify the date on which he was entitled to *permanent* total disability. In this case, no such issue has been raised.