On petitioner's petition for reconsideration filed July 27, reconsideration allowed and former opinion (91 Or App 562, 756 P2d 60) adhered to October 12, petition for review allowed December 20, 1988 (307 Or 245)
See later issue Oregon Reports

In the Matter of the Compensation of
Roland L. Dawkins, Claimant.

DAWKINS,
*Petitioner,*

*v.*

PACIFIC MOTOR TRUCKING,
*Respondent.*

(WCB 85-11265; CA A43907)

762 P2d 329

Randy M. Elmer and Vick & Gutzler, Salem, for petition.

Thomas W. Sondag, and Spears, Lubersky, Bledsoe, Anderson, Young & Hilliard, Portland, for response.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Claimant petitions for review of our decision affirming the Workers' Compensation Board's determination that he was not entitled to benefits for temporary total disability because he had withdrawn from the work force. 91 Or App 562, 756 P2d 60 (1988). We treat the petition as one for reconsideration, ORAP 10.10, and allow it for the purpose of addressing claimant's argument that the decision is inconsistent with *Chapel of Memories v. Davis,* 91 Or App 232, 754 P2d 913, *rev den* 306 Or 413 (1988).

The distinction between the two cases is factual. Here, claimant testified that he would like to work but that, on the advice of his doctor, he had withdrawn from the work force and would not be seeking employment in the future. Our opinion notes, mistakenly, that claimant had not sought retirement benefits. In fact, the record shows that he was receiving a union disability *pension.* The facts in *Chapel of Memories* were similar. The distinguishing point, however, is that, although the claimant in that case had not looked for work after the injury, he testified that he had not retired and that he would be willing to take a suitable job. *See Sykes v. Weyerhaeuser Co.,* 90 Or App 41, 750 P2d 1171 (1988). As the dissent in *Chapel of Memories* noted, a person may have withdrawn from the work force in fact even though he does not consider himself retired. The majority in that case found, however, that the claimant's uncontroverted testimony that he had not retired and that he was willing to seek work was sufficient to show that he had not withdrawn from the work force. Here, in contrast, we found that claimant had withdrawn completely from the work force. That distinction explains the different results in the two cases.

Reconsideration allowed; former opinion adhered to.