Argued and submitted April 15, reversed and remanded for reconsideration
December 26, 1991

In the Matter of the Compensation of
Donald J. Fendrich, Claimant.

Donald J. FENDRICH,
*Petitioner,*

*v.*

CURRY COUNTY
and Liberty Northwest Insurance Corporation,
*Respondents.*

(88-09638; CA A65904)

821 P2d 1129

James L. Edmunson, Eugene, argued the cause for petitioner. With him on the brief were Jon C. Correll, and Malagon, Moore & Johnson, Eugene.

Paul Roess, Portland, argued the cause for respondents. With him on the brief was Acker, Underwood, Norwood & Hiefield, Portland.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

DEITS, J.

* Joseph, C. J., *vice* Newman, J., deceased.

## DEITS, J.

Petitioner seeks review of an order of the Workers' Compensation Board, requesting that it be set aside and that the case be remanded for further proceedings in the light of *Dawkins v. Pacific Motor Trucking*, 308 Or 254 778 P2d 497 (1989).

Claimant injured his back in 1985 and has not worked since leaving his job at that time. His claim was closed in 1986 by a determination order by which he was awarded temporary disability and 35 percent unscheduled disability. In April, 1987, he had surgery. He then sought to have his claim reopened. Employer denied that he had suffered a compensable aggravation. Claimant requested a hearing. The referee set aside the denial and ordered payment of benefits. The referee also found that claimant had neither worked nor sought work. Responding to that order, the insurer paid medical benefits but did not pay temporary disability benefits for lost wages. Claimant then requested a hearing on the denial of temporary disability benefits. The referee found that claimant had "not demonstrated his alleged willingness to accept employment within his limitations." Using the criteria in *Cutright v. Weyerhaeuser Co.*, 299 Or 290, 300, 702 P2d 403 (1985), the referee decided that claimant had withdrawn from the work force and was not entitled to temporary disability benefits. Claimant appealed. The Board affirmed and adopted the referee's order, adding to it a "*See*" citation to *Dawkins v. Pacific Motor Trucking, supra*, 308 Or at 254, a case that had been decided between the issuance of the referee's order and Board review in this case.

Claimant argues that the Board erred in affirming the denial of benefits because, under *Dawkins*, a claimant may be entitled to temporary disability compensation even if he was not working at the time and had not made reasonable efforts to obtain work, if he was willing to work but his physical condition prevented him from seeking employment. Claimant argues that the Board did not address that standard and that the Board's citation of *Dawkins* does not adequately explain its decision.

In *Dawkins*, the Supreme Court clarified the criteria for determining whether a worker has withdrawn from the

work force. It held that, when a prior compensable injury makes any attempt to seek employment futile, a worker who is willing to work need not demonstrate efforts to find employment to qualify for disability benefits following an aggravation.

"A claimant is deemed to be in the work force if:

"a. The claimant is engaged in regular gainful employment; or

"b. The claimant, although not employed at the time, is willing to work and is making reasonable efforts to obtain employment; or

"c. *The claimant is willing to work, although not employed at the time and not making reasonable efforts to obtain employment because of a work-related injury, where such efforts would be futile.*" 308 Or at 258. (Emphasis supplied; citation omitted.)

The referee here did not find whether claimant was willing to work or whether efforts to find employment would have been futile. Instead, the order focuses only on claimant's lack of effort to obtain employment:

"A worker is not entitled to temporary disability benefits once he has withdrawn from the work force even if he has been rendered incapable of working due to his compensable injury. *Cutright v. Weyerhaeuser [Co.]*, 299 Or 290 [,702 P2d 403] (1985); *Karr v. SAIF*, 79 Or App 250 [,719 P2d 35, *rev den* 301 Or 765] (1986). The question of whether a claimant has withdrawn from the work force is one of fact. *Sykes v. Weyerhaeuser [Company]*, 90 Or App 41 [,750 P2d 1171] (1988).

"On October 6, 1988, Dr. Christopher B. Ryan, M.D., wrote that '. . . although [claimant] claims that he wants to return to work, I cannot help but think he would rather be in his comfortably established equilibrium.' Claimant made no effort to work between the time his claim was first closed and the date of his aggravation. *One inquiry about a part-time position* after he was declared medically stationary by his treating surgeon *does not demonstrate his alleged willingness to accept employment within his limitations.* His testimony indicates he does not think he is 'workable'. Thus, I find at the time of the aggravation and thereafter, he had withdrawn from the labor market. I conclude that he is not entitled to temporary disability benefits." (Emphasis supplied.)

■■ The referee's finding that claimant did not "demonstrate his willingness to accept employment" was made in the context of whether he had made reasonable efforts. A worker's efforts may be indicative of a worker's willingness to work, but it is not determinative of willingness to work in all circumstances. Under *Dawkins*, the definition of "willingness to find employment" is more inclusive. Willingness can also exist if the referee finds that a claimant has a desire to obtain employment *and* that efforts to obtain it would be futile. Because the necessary findings were not included in the referee's order, the Board needed to do more than add the *Dawkins* citation to its affirmance.

Employer argues that the order was adequate, because the Board applied the correct legal standard and there was substantial evidence, on the record as a whole, to support the findings. It contends that claimant failed to carry his burden of proof to show that he was willing to work. However, as we have stated:

> "In order for us to conduct that kind of review, we must be able to know what the Board found as fact and why it believes that its findings led to the conclusions that it reached. That requires a reasoned opinion based on explicit findings of fact." *Armstrong v. Asten-Hill Co.*, 90 Or App 200, 205, 752 P2d 312 (1988). (Citations and footnote omitted.)

The Board must make findings on whether claimant was willing to work and, if so, whether it would have been futile for him to have sought employment. *See Janisch v. Lane S-D #45*, 106 Or App 218, 806 P2d 218 (1991).

Reversed and remanded for reconsideration.