Argued and submitted July 24, affirmed November 2, 1981

In the Matter of the Compensation of
Esther Lenox, Claimant.

**LENOX,**
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent.*

(WCB No. 77-1507, CA A20484)

635 P2d 406

Robert W. Muir, Albany, argued the cause for petitioner. With him on the brief was Emmons, Kyle, Kropp & Kryger, P.C., Albany.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Claimant seeks judicial review of an order of the Workers' Compensation Board (Board) affirming the denial of her claim by the State Accident Insurance Fund (SAIF). We review *de novo* and affirm.

Claimant was employed by the Corvallis School District from 1958 until 1972. She took a sabbatical from August, 1969, to September, 1970. During that time she received compensation equal to one-half her regular teaching pay. In the summer of 1970, she was asked by her regular teaching supervisor to participate in a special workshop. Although she received no additional pay, claimant taught at the workshop and was exposed to chicken pox.

Claimant returned to her regular teaching duties in the fall of 1970. Between then and 1972, when she stopped working, she had considerable health problems, which caused her to miss a significant amount of work. She contends that her present condition and her various medical problems that have occurred since 1970 are the result of the chicken pox virus.

■ Claimant must prove her claim by a preponderance of the evidence. *Hutcheson v. Weyerhaeuser,* 288 Or 51, 55, 602 P2d 268 (1979). We review the record to determine if it preponderates in her favor; if it does not, she has failed to meet her burden of proof. *Gormley v. SAIF,* 52 Or App 1055, 1059, 630 P2d 407 (1981); *Raines v. Hines Lbr Co.,* 36 Or App 715, 719, 585 P2d 721 (1978).

Claimant saw a number of doctors who made indefinite and often inconsistent diagnoses of her medical condition. Claimant first was seen in 1970 by Dr. Bahrs who stated, in a report dated February 22, 1977, that in 1970 claimant was diagnosed as "probably having chicken pox." Dr. Ladd indicates that in July, 1970, he treated her for thyroiditis, which was a persistent problem. In July, 1970, she saw Dr. Kliewer because of pressure feelings in her throat. She was seen again July 24, 1970, and August 6, 1970, with increased symptoms, and Dr. Kliewer diagnosed her problem as subacute thyroiditis. He did not think the thyroiditis was related to her occupation. He also later stated he was then unaware she had had chicken pox.

In 1978, claimant was seen by Dr. Bonnlander, who wrote that he did not think he was in a position to

"* * * offer a firm medical opinion on the relationship between the diagnosis of a thyroiditis and its possible relationship to exposure to chicken pox virus several years ago."

Later however, Dr. Bonnlander reported:

"* * * [T]here is much evidence to support the opinion that the protracted illness of Mrs. Lenox, was an outcome of contracting chicken pox, with the complication of subacute thyroiditis, arthritis including complication of auto-immunity, and general exhaustion and fatigue."

Dr. Bonnlander supported his view with an article by a leading authority on subacute thyroiditis, Dr. Volpe. In contrast, after reviewing the medical literature, two other specialists, Dr. Blatt and Dr. Rosenbaum, opined that the literature did not support the view that chicken pox causes subacute thyroiditis. Thus, it is unclear whether chicken pox causes subacute thyroiditis.

Claimant also saw Dr. Greer, an endocrinologist, who was unable to determine with certainty

"* * * (1) that Mrs. Lenox contracted chicken pox in 1970; (2) that Mrs. Lenox had subacute thyroiditis; (3) that Mrs. Lenox has hypothyroidism at the present time. Even if all these three uncertainties are answered affirmatively, it is unlikely that the major disabilities which Mrs. Lenox has had over the past few years are related either to subacute thyroiditis or to hypothyroidism."

Dr. Jones, a specialist in infectious diseases, expressed the view that claimant's chicken pox had caused encephalitis.

■■ Claimant had to prove the medical probability, rather than the mere possibility, of a causal connection between chicken pox and her symptomatology. *Gormley v. SAIF, supra,* 52 Or App at 1060. Overall, Dr. Jones' report spoke in terms of "may" and "possible," rather than in terms of medical probability. Dr. Jones first reported that "* * * there is a reasonable medical probability that Ms. Lenox had encephalitis caused by Varicella-Zoster virus in 1970," but he then concluded "I also believe that it is *possible* that her continued symptomatology * * * *may* have

resulted from this infection." (Emphasis added.) Later, he conceded that claimant's case was not clear cut:

> "First of all, it is *not certain* that she had disseminated Varicella-Zoster virus infection in 1970, but *may* have simply had shingles, a localized process. The latter would be much less likely to have been associated with an encephalitis, and we have *no clear* evidence other than her verbal history that she suffered from encephalitis at that time. In addition, there *is not firm* evidence that her resulting symptomatology was a result of the encephalitis. However, assuming that she had no pre-existing disabling mental, psychological, or physical condition prior to her illness in 1970, it is within medical probability that this chain of events *may have* occurred." (Emphasis added.)

Viewing Dr. Jones' report as a whole, we are not convinced claimant suffered from encephalitis in July, 1970, or that encephalitis caused her symptomatology. Significantly, none of the other medical reports indicate claimant suffered from encephalitis.

In summary, this claim is based on two medical theories. First, the majority of the medical testimony addressed whether claimant's subacute thyroiditis was caused by chicken pox. Second, Dr. Jones articulated the theory that claimant suffered from encephalitis caused by chicken pox. Under the first theory, the greater weight of the evidence indicates that chicken pox did not cause thyroiditis. Under the second theory, Dr. Jones was unable to say it was medically probable claimant actually suffered from encephalitis. We conclude claimant has failed to sustain her burden of proving compensability under either medical theory.

Affirmed.