On remand from the Oregon Supreme Court, reversed and remanded
February 16, 1983

In the Matter of the Compensation of
Orville A. Bales, Claimant.
BALES,
*Petitioner,*
*v.*
SAIF CORPORATION,
*Respondent.*
(80-03397; CA A23327)
658 P2d 573

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, appeared for respondent.

Benton Flaxel, North Bend, appeared for petitioner.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

This case was remanded to us by the Supreme Court for reconsideration in light of that court's opinion that a doctor's testimony may not be discounted solely for the reason that he stated that stress never causes heart attacks, notwithstanding that court's opinion in *Clayton v. Compensation Department,* 253 Or 397, 454 P2d 628 (1969). *Bales v. SAIF,* 294 Or 224, 656 P2d 300 (1982).

The facts are set out both in our prior opinion, 57 Or App 621, 623, 646 P2d 83 (1982), and in the Supreme Court's opinion. 294 Or at 224. It is sufficient to point out here that claimant seeks reversal of the Board's decision affirming the referee's opinion and order that his myocardial infarction is not compensable. In our prior opinion, we discounted one doctor's testimony, because he expressed the opinion that stress does not cause heart attacks, which opinion appeared to be contrary to the statement in *Clayton* that the court rejected the view that exertion or stress can never be a causative factor in these cases. 253 Or at 402. We are instructed on remand that the testimony of that doctor cannot be given "less weight" for that reason.

After reviewing the testimony as a whole, we are more persuaded by the testimony of Dr. Griswold and conclude that the preponderance of the medical evidence establishes that claimant's work-connected exertion was a precipitating factor in the onset of his myocardial infarction. *See Batdorf v. SAIF,* 54 Or App 496, 635 P2d 396 (1981).

Reversed and remanded with instructions to accept the claim.