Argued and submitted October 15, 1982, affirmed February 16, 1983

In the Matter of the Compensation of
Robert J. Queen, Claimant.

QUEEN,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent.*

(79-03862; CA A24338)

658 P2d 563

Robert K. Udziela, Portland, argued the cause for petitioner. With him on the brief was Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Donna M. Parton, Associate Appellate Counsel, Salem, argued the cause for respondent. On the brief was Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem.

Before Richardson, Presiding Judge, Thornton, Senior Judge, and Van Hoomissen, Judge.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Claimant appeals a decision of the Workers' Compensation Board that reversed a hearings referee's ruling that claimant's heart problems were compensably related to his work activity as a woods foreman. The issue is whether claimant has proved by a preponderance of the evidence that his work activity was a major contributing cause of his heart condition. We affirm.

Claimant was age 55 at the onset of his disability. He was employed as a foreman for a logging operation. During the summer of 1978, he had experienced episodes of numbness in his left arm and shortness of breath at work. On August 7 or 8, he experienced a recurrence of these symptoms together with severe chest pain, profuse sweating and nausea. The temperature was 100 degrees that day, and claimant was rushing to get his crew out of the brush before a 1 p.m. fire closure. He was performing strenuous physical labor. He finished the day and continued working until December 8, although he felt a loss of stamina and increasing discomfort after any exertion. On December 11, he sought medical treatment. His doctor admitted him to the Coquille hospital that day with a diagnosis of atrial fibrillation with congestive heart failure. He was transferred to the progressive cardiac unit at Sacred Heart Hospital in Eugene, where, on December 15, he suffered a cerebral vascular accident. His diagnosis was arteriosclerotic heart disease with atrial fibrillation, angina pectoris, congestive heart failure and probable arteriosclerotic cardiomyopathy. The cerebral vascular accident was considered to be due to cerebral embolus, possibly from a left ventricular mural thrombus.

■    Dr. Keene, claimant's treating cardiologist, could not relate claimant's illness to his work activity and believed that he has "several disease processes, none of which would be related to his employment." Dr. Kloster, also a cardiologist, reviewed claimant's medical file and said claimant's work activity was not a material contributing cause to the development of the complications of previous myocardial infarctions, impairment of left ventricular functions, congestive heart failure or atrial fibrillation. Dr. Kloster believed that these were the result of "chronic,

natural progression of coronary arterosclerosis and narrowing that his exertion at work simply made manifest, symptoms which could equally and as easily been provoked by equivalent exertion in recreational or other personal activities." Neither doctor believes that work activities are often a material contributing cause of a heart patient's condition.

Claimant contends that the opinions of Drs. Kloster and Keene should be rejected because they do not accept the *legal* standard upon which medical causation is proved in heart compensation cases. Claimant relies on *Bales v. SAIF,* 57 Or App 621, 646 P2d 83 (1982), which rejected a specialist's view because he felt that heart attacks were never caused by on-the-job exertions, a theory seemingly rejected by the Oregon Supreme Court in *Clayton v. Compensation Department,* 253 Or 397, 454 P2d 628 (1969):

> "* * * We have chosen to reject the view that exertion or stress can never be a causative factor in these cases." 253 Or at 402.

Since oral arguments in this case, the Supreme Court, on review of our decision in *Bales v. SAIF, supra,* has had an opportunity to reconsider its language in *Clayton:*

> "* * * It is a strange statement, considering our role under the constitution. We were not required to enter upon factfinding in *Clayton;* we did not cite any other case in which we had made such a finding. The statement is not, and clearly should not have been, a rule of law. We concluded that the evidence in *Clayton* was sufficient to present a case for the jury's resolution as a matter of fact. Our result was correct, but the case does not stand for the proposition that any given witness' testimony is to be disregarded as a matter of law because of the school of medical thought to which he belongs. On the other hand, the testimony of a medical witness should not necessarily be given less weight, as a matter of law, simply because he espouses the thoughts of a minority of the medical profession." *Bales v. SAIF,* 294 Or 224, 234-35, 656 P2d 300 (1982). (Footnote omitted.)

The Supreme Court reversed and remanded *Bales* to this court to re-examine the evidence in light of this new construction of *Clayton. See Bales v. SAIF,* 61 Or App 613, 658 P2d 573 (1983). Accordingly, we cannot reject the

opinions of Drs. Keene and Kloster on the ground advanced by claimant; we must weigh them according to their individual merit.

■ ■   Claimant next contends that Dr. Kloster's opinion is entitled to little weight because, unknown to Dr. Kloster, claimant had symptoms of profuse sweating and nausea while at work. Dr. Kloster agreed that having this information might have made a difference in his opinion that claimant did not have a myocardial infarction while at work, but he did not conclude affirmatively that claimant's condition would have been work-related if he had in fact suffered a myocardial infarction while on the job. Proof of an attack while working could satisfy only the legal causation element of claimant's burden. He must also prove medical causation. *Coday v. Willamette Tug & Barge,* 250 Or 39, 440 P2d 224 (1968); *Thurston v. Mitchell Bros., Contractors,* 58 Or App 568, 649 P2d 605 (1982).

■ ■   Claimant relies solely on the opinion of Dr. Wysham to prove medical causation. On the basis of the history obtained from claimant and his wife in December, 1979, the doctor believed that it would be reasonable to assume that claimant had a myocardial infarction while at work in August, 1978. He wrote: "It would also appear that the work in which Mr. Queen was engaged at that time may have been related in a material way to the myocardial infarction which presumably occurred at that time." Dr. Wysham's opinion does not establish a causal connection between claimant's heart condition and his work activity. Claimant must prove more than just the possibility of a causal connection to establish compensability of a claim. *Miller v. SAIF,* 60 Or App 557, 562, 654 P2d 1139 (1982); *Lenox v. SAIF,* 54 Or App 551, 554, 635 P2d 406 (1981); *Gormley v. SAIF,* 52 Or App 1055, 1061, 630 P2d 407 (1981). Claimant has not met his burden to prove by a preponderance of the expert evidence a causal relationship between his work activities and his heart problem.

Affirmed.