Argued and submitted June 6, Court of Appeals reversed and case remanded to
Workers' Compensation Board December 28, 1984

In the Matter of the Compensation
of Anthony A. Bono, Claimant.

BONO,
*Respondent on Review,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Petitioner on Review.*

(WCB 80-11418; CA A27151; SC S30478)

692 P2d 606

Guy B. Greco, Newport, filed the response and argued the cause for respondent on review. With him on the brief was Greco & Escobar, Newport.

James E. Mountain, Jr., Solicitor General, Salem, argued the cause for petitioner on review. With him on the petition for review was Dave Frohnmayer, Attorney General, William F. Gary, Deputy Attorney General and Darrell E. Bewley, Assistant Attorney General, Salem. Darrell E. Bewley argued the cause and filed the brief in the Court of Appeals.

David W. Hittle, Salem, filed an amicus curiae brief in behalf of the Oregon Trial Lawyers Association. With him on the brief was Callahan, Hittle & Gardner, Salem.

Jerald P. Keene, Portland, filed an amicus curiae brief in behalf of Associated Oregon Industries and Association of

Workers' Compensation Defense Attorneys. With him on the brief was Roberts, Reinisch & Klor, P.C., Portland.

CARSON, J.

## CARSON, J.

In this workers' compensation case, "interim compensation"[1] under ORS 656.262(4) is at issue. The question is whether a worker who has not demonstrated absence from work is entitled to receive interim compensation during the time between the claim and acceptance or denial of the claim. We hold that interim compensation need not be paid to such a worker.

Claimant was injured on October 9, 1978, in an automobile accident within the course and scope of his employment. Neither claimant nor employer, who had immediate notice of the accident, considered the accident to be the basis for a workers' compensation claim. The claim was not filed until 22 months later, after claimant had retained a new attorney. The claim was filed on August 20, 1980, and employer received written notice of the claim on August 26, 1980. Employer was insured by the State Accident Insurance Fund Corporation (SAIF). SAIF accepted the claim for medical services only on November 1, 1980, and provided claimant written notice of this determination on November 14, 1980, without contesting its lack of timeliness. SAIF did not pay interim compensation.

The referee determined that claimant was not entitled to compensation because he did not establish the "time loss" element of a compensable injury resulting in temporary disability. The Workers' Compensation Board (Board) affirmed, finding that interim compensation for a non-disabling injury is not payable where a claimant continues to perform his or her regular work. The Court of Appeals reversed. Bono v. SAIF, 66 Or App 138, 673 P2d 558 (1983). The court determined that a strict reading of the statute involved, as interpreted in *Jones v. Emanuel Hospital,* 280 Or 147, 570 P2d 70 (1977), required that interim compensation be paid to claimant.

---

[1]The term "interim compensation" does not appear in ORS 656.262. In discussing this statute, *Jones v. Emanuel Hospital,* 280 Or 147, 151, 570 P2d 70 (1977), stated:

"Subsection (2), construed together with subsections (4) and (5), requires the employer to pay what may for convenience be called interim compensation payments until the employer denies the claim."

The reader should note that the material that was in subsection (5) in 1977, is now in subsection (6).

ORS 656.262 provides, in pertinent part:

"* * * * *

"(2) The compensation due under this chapter shall be paid periodically, promptly and directly to the person entitled thereto upon the employer's receiving notice or knowledge of a claim, except where the right to compensation is denied by the insurer or self-insured employer.

"* * * * *

"(4) The first instalment of compensation shall be paid no later than the 14th day after the subject employer has notice or knowledge of the claim. Thereafter, compensation shall be paid at least once each two weeks, except where the director determines that payment in instalments should be made at some other interval. * * *

"* * * * *

"(6) Written notice of acceptance or denial of the claim shall be furnished to the claimant by the insurer or self-insured employer within 60 days after the employer has notice or knowledge of the claim. Pending acceptance or denial of a claim, compensation payable to a claimant does not include the costs of medical benefits or burial expenses. * * *

"* * * * *

"(10) If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382."

In *Jones v. Emanuel Hospital, supra,* we interpreted ORS 656.262(2) to include interim compensation within the scope of "compensation due" to an injured worker. We held that under ORS 656.262(4) interim compensation must be paid whether or not the injured worker suffered a compensable injury. We also held that the penalties prescribed in ORS 656.262(10) could be added to such an award of interim compensation.[2]

*Jones* equated interim compensation with total disability benefits.[3] The opinion stated that Ms. Jones had

---

[2] In 1977, subsection (10) was subsection (8).

[3] ORS 656.210 provides:

"(1) When the total disability is only temporary, the worker shall receive

"requested interim compensation payments (called temporary total disability) * * *." We did not express that interim compensation payments were to be made pursuant to the benefits calculation of ORS 656.210, but this follows from the quoted statement. There is no independent interim compensation benefits calculation in ORS 656.262(4). The amount of interim compensation payments is determined in the same manner as the amount of temporary total disability benefits.

 Interim compensation and temporary total disability are also linked in another way. Although *Jones* is not explicit about the requirement of being absent from work or suffering a "time loss," it is stated in the facts that Ms. Jones was " 'unable to work.' " 280 Or at 149 (quoting *Jones v. Emanuel Hospital,* 29 Or App 265, 267, 562 P2d 1247 (1977)). For that reason, there was no need to relate the availability of interim compensation to ORS 656.210(3). The payment of temporary total disability benefits is based in part upon whether the injured worker "leaves work." ORS 656.210(3). Interim compensation is based on temporary total disability benefits.

---

during the period of that total disability compensation equal to 66-2/3 percent of wages, but not more than 100 percent of the average weekly wage nor less than the amount of 90 percent of wages a week or the amount of $50 a week, whichever amount is lesser. Notwithstanding the limitation imposed by this subsection, an injured worker who is not otherwise eligible to receive an increase in benefits for the fiscal year in which compensation is paid shall have his benefits increased each fiscal year by the percentage which the applicable average weekly wage has increased since the previous fiscal year.

"(2) For the purpose of this section, the weekly wage of workers shall be ascertained by multiplying the daily wage the worker was receiving at the time of his injury:

"(a) By 3, if the worker was regularly employed not more than three days a week.

"(b) By 4, if the worker was regularly employed four days a week.

"(c) By 5, if the worker was regularly employed five days a week.

"(d) By 6, if the worker was regularly employed six days a week.

"(e) By 7, if the worker was regularly employed seven days a week.

"As used in this subsection, 'regularly employed' means actual employment or availability for such employment.

"(3) No disability payment is recoverable for temporary total disability suffered during the first three calendar days after the worker leaves work as a result of his compensable injury unless the total disability continues for a period of 14 days or the worker is an inpatient in a hospital. If the worker leaves work the day of the injury, that day shall be considered the first day of the three-day period."

Thus, we hold that in order to receive interim compensation, a subject worker must have left work as that phrase is used in ORS 656.210(3). Claimant did not establish that he had been absent from work nor that his earning power was diminished. He is not entitled to interim compensation on this record.

■■ It is not necessary for a worker to be totally disabled in order to receive interim compensation. Any claim for a disabling compensable injury will trigger the ORS 656.262(4) payments. However, to the extent that the amount of such payments cannot be calculated, the worker should receive as interim compensation the temporary total disability benefits specified in ORS 656.210.

ORS 656.262(4) is not a penalty for an employer who takes longer than 14 days to accept or deny a claim. Any unreasonable delays are penalized by ORS 656.262(10). Because a penalty is statutorily provided, it would be incorrect to interpret the requirement of interim compensation as a penalty. The purpose of interim compensation is to compensate the injured worker for leaving work. This is true even where this results from a non-compensable injury, as in *Jones*. However, if the worker does not demonstrate that he or she left work, interim compensation is not required.

■ The referee specifically found that claimant did not have a time loss just subsequent to the injury. However, there was no finding concerning whether claimant had left work during the period immediately subsequent to the date the claim was filed. That is the period during which interim compensation may be due in this case. Prior Oregon caselaw could be read to mean that interim compensation was required in this case whether or not claimant left work. *Jones v. Emanuel Hospital, supra.* We disagree with that reading, but find it reasonable for claimant to have relied on it in failing to demonstrate that he had left work. For the above reasons, we remand to the Board for a determination whether claimant left work during the period from the date the claim was filed until the date he was notified of its acceptance by employer.

■■ If interim compensation is required in this case, the Board shall determine whether statutory penalties for delaying or refusing payment of compensation are appropriate and, if penalties are due, the amount thereof. If interim compensation is not required, then no compensation, other than for

medical services, was due claimant and therefore no statutory penalties for delaying or refusing payment of compensation would be payable. ORS 656.262(4), (6) and (10). However, the Court of Appeals made a factual determination that a penalty is due for the late acceptance because of SAIF's failure to comply with the statutory 60-day limit for denying or accepting a claim. *Bono v. SAIF, supra,* 66 Or App at 143; ORS 656.262(6) and (10). We will not disturb this finding, and therefore hold that claimant is entitled to a penalty for the late acceptance, in an amount to be determined by the Board.

The decision of the Court of Appeals is reversed and the case is remanded to the Workers' Compensation Board.