Argued and submitted March 25, affirmed September 18, 1985

In the Matter of the Compensation of
Marcile L. Paige, Claimant.

PAIGE,
*Petitioner,*

*v.*

SAIF CORPORATION,
*Respondent.*

(82-01727; CA A31785)

706 P2d 575

David C. Force, Eugene, argued the cause and filed the brief for petitioner.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Claimant seeks review of an order of the Workers' Compensation Board affirming the referee's decision that her occupational disease claim is not compensable and that she is not entitled to interim compensation or penalties and attorney fees for SAIF's failure to pay interim compensation or for its late denial of her claim. We affirm.

Claimant, 57 at the time of the hearing, worked for the House of Myrtlewood for approximately six or seven years before she filed her occupational disease claim on September 7, 1981. She sanded bowls and other items made from myrtlewood as they revolved on a lathe. She claims that her work caused a worsening of preexisting degenerative arthritis in her shoulders. SAIF denied the claim on January 8, 1982.

■ To establish her claim, claimant must prove by a preponderance of the evidence that her work activities caused a worsening of her underlying condition, resulting in an increase in pain to the extent that it caused disability or required medical services. *Weller v. Union Carbide,* 288 Or 27, 602 P2d 259 (1979). The work activities must be the major contributing cause of that worsening. *See Dethlefs v. Hyster Co.,* 295 Or 298, 667 P2d 487 (1983); *SAIF v. Gygi,* 55 Or App 570, 639 P2d 655, *rev den* 292 Or 825 (1982).

Dr. Whitney, an orthopedic surgeon, treated claimant for her shoulder problems. In three responses to letters from claimant's attorney he offered his opinion on the role work played in her shoulder problems. He stated in the first letter that claimant's work aggravated or worsened her shoulder problems, but it is unclear whether he meant that it worsened the underlying condition or merely caused it to become symptomatic. In the second letter he stated that her work caused "a symptomatic worsening and perhaps some acceleration of the condition" but stated that he could not honestly say whether it was the major contributing cause of a worsening of the condition. In the last letter he stated that several factors affected the degenerative process in claimant's shoulder, including her work, her obesity, the natural aging process and heredity, and that the most significant factor was her work. He added that the chronic straining process involved in her job would cause a worsening of the symptoms and "theoretically" a progression of the degenerative process.

■ ■ Whitney's letters establish that claimant's work contributed to the underlying conditions becoming symptomatic, but that is not sufficient to establish compensability. *Wheeler v. Boise Cascade,* 298 Or 452, 693 P2d 632 (1985). As to the underlying condition, the letters at best state only that her work possibly caused the condition to worsen. Claimant must prove more than a mere possibility that her work caused a worsening, *Queen v. SAIF,* 61 Or App 702, 706, 658 P2d 563 (1983); *Lenox v. SAIF,* 54 Or App 551, 554, 635 P2d 406 (1981); *Gormley v. SAIF,* 52 Or App 1055, 1061, 630 P2d 407 (1981), and she therefore has failed to sustain her burden of proof. Her claim is not compensable.

■ The next issue is whether claimant was entitled to interim compensation, payable under ORS 656.262 before a claim is accepted or denied. *See Bono v. SAIF,* 298 Or 405, 692 P2d 606 (1984); *Jones v. Emanuel Hospital,* 280 Or 147, 570 P2d 70 (1977). In *Bono,* the court held that interim compensation need not be paid to a worker who has not demonstrated an absence from work during the period for which compensation is sought. The claimant in *Bono* was not entitled to interim compensation, because he did not establish "that he had been absent from work nor that his earning power was diminished." 298 Or at 410.

After filing her claim on September 7, 1981, claimant missed no time from work until October 1, 1981, when she was injured in a work-related accident. She was unable to work because of that injury until November 17, 1981. She received interim compensation for the October 1 injury, covering the period from October 5, 1981, through November 17, 1981. What happened after November 17 is not clear. She apparently returned to part-time work. The record does not indicate whether she was able to work only part time because of her shoulder condition or because of her injury of October 1. She states at one point in her brief that she worked part time until January 8, 1982, when her shoulder condition forced her to leave work entirely, but at another point she states that she was unable to work between January 4 and January 11, because of that condition. A "Disability Certificate" signed by Whitney states that claimant was unable to work from January 4 through January 11. However, a report by another doctor indicates that she worked January 1, 4, 5 and 6, until she could no longer tolerate the pain, and then she did not work for the

remainder of the month. It is not clear from that report whether she quit working because of the pain from her shoulder condition or the pain from her thrombophlebitis, for which that doctor was treating her. SAIF denied her claim January 8, 1982.

On this record, we hold that claimant was not entitled to interim compensation for her shoulder condition. She was not entitled to such compensation before November 17, 1981, because she had missed no time from work because of that condition. *Bono v. SAIF, supra.* After that date, she may have been entitled to interim compensation in the form of temporary partial disability payments, *see* ORS 656.212, but she has not demonstrated that her inability to work full time was a result of her shoulder condition rather than her October 1 injury. We agree with the Board that no interim compensation was due. Because there was no amount due, no penalty can be assessed against SAIF for its late denial of the claim. *See* ORS 656.262(10).

Affirmed.