Argued and submitted March 7, affirmed in part, reversed in part and remanded
August 6, 1986

In the Matter of the Compensation of
Michael E. Davison, Claimant.

DAVISON,
*Petitioner,*

*v.*

SAIF CORPORATION,
*Respondent.*

(WCB 83-09422; CA A36882)

723 P2d 331

W. D. Bates, Jr., Eugene, argued the cause and filed the brief for petitioner.

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Claimant seeks review of a Workers' Compensation Board order which reversed the referee and held that he was not entitled to have his injury claim closed and reclassified as disabling. We reverse in part.

Claimant lost a small portion of his little finger in an industrial accident. SAIF accepted the claim as a nondisabling injury. Claimant now believes that the injury was disabling from the outset and asserts that the claim is still viable, because it was never closed, as required by ORS 656.268(3).[1] He did not seek a reclassification of the injury from nondisabling to one that has become disabling, as allowed by ORS 656.262(12).[2]

---

[1] ORS 656.268(3) provides:

"When the medical reports indicate to the insurer or self-insured employer that the worker's condition has become medically stationary and the insurer or self-insured employer decides that the claim is disabling but without permanant disability, the claim may be closed, without the issuance of a determination order by the Evaluation Division. The insurer or self-insured employer shall issue a notice of closure of such a claim to the worker and to the Workers' Compensation Department. The notice must inform the worker of the decision that no permanent disability results from the injury; of the amount and duration of temporary total disability compensation; of the right of the worker to request a determination order from the Evaluation Division within one year of the date of the notice of claim closure; of the aggravation rights; and of such other information as the director may require. Within one year of the date of the notice of such a claim closure, a determination order subsequently shall be issued on the claim at the request of the claimant or may be issued by the Evaluation Division upon review of the claim if the division finds that the claim was closed improperly. If an insurer or self-insured employer has closed a claim pursuant to this subsection and thereafter decides that the claim has permanency, the insurer or self-insured employer shall request a determination order as provided in subsection (2) of this section. If an insurer or self-insured employer has closed a claim pursuant to this subsection, if the reasonableness of that closure decision is at issue in a hearing on the claim and if a finding is made at the hearing that the closure decision was not supported by substantial evidence, a penalty shall be assessed against the insurer or self-insured employer and paid to the worker in an amount equal to 25 percent of all compensation determined to be owing between the date of original closure and the date upon which the claim is closed by determination order. The penalty shall not be less than $500."

[2] ORS 656.262(12) provides:

"Insurers and self-insured employers shall report every claim for disabling injury to the director within 21 days after the date the employer has notice or knowledge of such injury. If within one year after the injury, a worker claims a nondisabling injury has become disabling, the insurer or self-insured employer shall report the claim to the director immediately after receiving notice or knowledge of such claim. A claim that a nondisabling injury has become disabling, if made more than one year after the date of injury, shall be made pursuant to ORS 656.273 as for a claim for aggravation."

■  The Board reasoned that, although the claim may always have been disabling and, therefore, may not strictly fall under ORS 656.262(12), that statute provides the only procedure for challenging an insurer's decision to characterize a claim as nondisabling. We do not agree. ORS 656.262(12) applies to a claim that was initially nondisabling and became disabling. It does not apply to a claim that was disabling from the outset but was misclassified as nondisabling, as alleged here. ORS 656.262(12) has no application to the facts of this case.

■  The Board held that ORS 656.268(3) does not require a formal closure of a nondisabling claim and that it was sufficient that the notice of acceptance contain all the information required by ORS 656.268(3) to be included in a notice of closure. SAIF concedes that the Board's reasoning is not completely correct and that an insurer is required to close a nondisabling claim. It asserts, however, that the notice of acceptance met that requirement. We agree with SAIF that it was required to close the claim and that the "Notice of Acceptance" contained each bit of information required to be provided by ORS 656.268(3)—save one. It did not inform claimant that it was a notice of closure. It, therefore, did not trigger his right to seek a determination order under ORS 656.268(3). Because his claim is not closed, claimant's right to seek a determination order has not yet expired.

■  Claimant also seeks a penalty and attorney fees for SAIF's failure to close the claim. He never left work because of his injury, and we know of no basis for the award of a penalty or insurer paid attorney fee. *Bono v. SAIF*, 298 Or 405, 692 P2d 606 (1984).

Reversed in part and remanded to the Board for claim closure; affirmed as to penalty and attorney fees.