On respondent's motion for reconsideration filed September 16, 1986, reconsideration allowed, former opinion (80 Or App 541, 723 P2d 331) modified and adhered to as modified November 26, 1986

In the Matter of the Compensation of
Michael E. Davison, Claimant.
### DAVISON,
*Petitioner,*

*v.*

### SAIF CORPORATION,
*Respondent.*
### (WCB 83-09422; CA A36882)
728 P2d 582

John A. Reuling, Jr., Assistant Attorney General, and Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, for motion.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

PER CURIAM

## PER CURIAM

SAIF has filed a motion seeking reconsideration of our former opinion, 80 Or App 541, 723 P2d 331 (1986), for the purpose of modifying note 1 so that it refers to the version of ORS 656.268(3) which existed at the time of the injury rather than the current version.[1] We allow the motion and modify the opinion accordingly.

Reconsideration allowed; former opinion modified and adhered to as modified.

---

[1] At the time of the injury ORS 656.268(3) provided:

"When the medical reports indicate to the insurer or self-insured employer that the worker's condition has become medically stationary and the self-insured employer or the employer's insurer decides that the claim is nondisabling or is disabling but without permanent disability, the claim may be closed, without the issuance of a determination order by the Evaluation Division. The insurer or self-insured employer shall issue a notice of closure of such a claim to the worker and to the Workers' Compensation Department. The notice must inform the worker of the decision that no permanent disability results from the injury; of the amount and duration of temporary total disability compensation; of the right of the worker to request a determination order from the Evaluation Division within one year of the date of the notice of claim closure; of the aggravation rights and of such other information as the director may require. Within one year of the date of the notice of such a claim closure, a determination order subsequently shall be issued on the claim at the request of the claimant or may be issued by the Evaluation Division upon review of the claim if the division finds that the claim was closed improperly. If an insurer or self-insured employer has closed a claim pursuant to this subsection and thereafter decides that the claim has permanency, the insurer or self-insured employer shall request a determination order as provided in subsection (2) of this section. If an insurer or self-insured employer has closed a claim pursuant to this subsection, if the reasonableness of that closure decision is at issue in a hearing on the claim and if a finding is made at the hearing that the closure decision was not supported by substantial evidence, a penalty shall be assessed against the insurer or self-insured employer and paid to the worker in an amount equal to 25 percent of all compensation determined to be owing between the date of original closure and the date upon which the claim is closed by determination order. The penalty shall not be less than $500."