Argued and submitted February 11, affirmed on petition, reversed on cross-petition, and penalty reinstated May 6, reconsideration denied July 2, petition for review allowed August 24, 1987 (304 Or 55)
See later issue Oregon Reports

In the Matter of the Compensation of
Howard E. Hughes, Claimant.

## GEORGIA-PACIFIC CORPORATION,
*Petitioner - Cross-Respondent,*

*v.*

## HUGHES,
*Respondent - Cross-Petitioner.*

(WCB No. 84-12107; CA A39769)

736 P2d 602

George Goodman, McMinnville, argued the cause for petitioner - cross-respondent. On the briefs were Jerry K. Brown, and Cummins, Cummins, Brown & Goodman, P.C., McMinnville.

Ronald L. Bohy, Salem, argued the cause and filed the brief for respondent - cross-petitioner.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

The first question raised in this workers' compensation case is whether the payment of interim compensation is stayed pending an employer's or insurer's appeal to the Board or petition for judicial review by the Court of Appeals.

The general rule is that payment of compensation is not stayed pending appeal. ORS 656.313(1) provides:

"Filing by an employer or the insurer of a request for review or court appeal shall not stay payment of compensation to a claimant."

ORS 656.313(4) defines "compensation" as used in that section as

"benefits payable pursuant to the provisions of ORS 656.204 to 656.208, 656.210 and 656.214 and does not include the payment of medical services."

Employer asserts that interim compensation should be stayed pending appeal or review, because it is not a benefit payable pursuant to any of the sections referred to in ORS 656.313(4). Specifically, employer contends that the significant cases require the conclusion that, although interim compensation is calculated similarly to temporary total disability benefits, which are payable pursuant to ORS 656.210, it is different from temporary total disability in that it is payable pursuant to ORS 656.262.[1]

Employer relies principally on selected language from *Jones v. Emanuel Hospital,* 280 Or 147, 570 P2d 70 (1977), and *Bono v. SAIF,* 298 Or 405, 410, 692 P2d 606 (1984). The Supreme Court coined the term "interim compensation" in

---

[1] ORS 656.262 provides, in part:

"(2) The compensation due under this chapter shall be paid periodically, promptly and directly to the person entitled thereto upon the employer's receiving notice or knowledge of a claim, except where the right to compensation is denied by the insurer or self-insured employer.

"* * * * *

"(4) The first instalment of compensation shall be paid no later than the 14th day after the subject employer has notice or knowledge of the claim. Thereafter, compensation shall be paid at least once each two weeks, except where the director determines that payment in instalments should be made at some other interval. The director may by rule convert monthly benefit schedules to weekly or other periodic schedules."

*Jones* to describe the benefits that are payable to a claimant no later than 14 days after a claim is filed but before acceptance or denial of the claim:

"Subsection (2) [of ORS 656.262], construed together with subsections (4) and (5), requires the employer to pay what may for convenience be called interim compensation payments until the employer denies the claim." 280 Or at 151.

Employer also quotes language from *Bono v. SAIF, supra,* 298 Or at 407: " '[I]nterim compensation' under ORS 656.262(4) is at issue." (Footnote omitted.) Language later in the opinion is also cited:

"In *Jones v. Emanuel Hospital, supra,* we interpreted ORS 656.262(2) to include interim compensation within the scope of 'compensation due' to an injured worker. We held that under ORS 656.262(4), interim compensation must be paid * * *.

"*Jones* equated interim compensation with total disability benefits. *The opinion stated that Ms. Jones had 'requested interim compensation payments (called temporary total disability) * * *.'* We did not express that interim compensation payments were to be made pursuant to the benefits calculation of ORS 656.210, but this follows from the quoted statement. There is no independent interim compensation benefits calculation in ORS 656.262(4). The amount of interim compensation payments is determined in the same manner as the amount of temporary total disability benefits.

"Interim compensation and temporary total disability are also linked in another way.* * *" 298 Or at 408-09. (Emphasized portion not quoted by employer; footnote omitted.)

Employer draws the conclusion from the quoted language that the Supreme Court does not consider interim compensation to be precisely the same thing as temporary total disability.

■ The Supreme Court's language could support employer's interpretation, but we do not agree with employer. Our reading of ORS 656.262 leads us to conclude that it governs only the *procedure* for payment of compensation due under chapter 656. ORS 656.262(4) provides that "the first instalment of compensation [due under chapter 656] shall be paid no later than the 14th day after * * * notice or knowledge of the claim." "Compensation" under chapter 656 consists of all the benefits provided to a worker for a compensable condition, including temporary total disability. ORS 656.005(9).

Compensation, including benefits for temporary total disability, is *due* if the claim has not been denied. ORS 656.262(2). We understand the language quoted from *Jones v. Emanuel Hospital, supra,* merely to *describe* as "interim compensation" the temporary total disability benefits which are payable before the denial of a claim. That understanding is consistent with the cases that have considered on the issue. Even in *Jones v. Emanuel Hospital, supra,* 280 Or at 149, the court stated: "[Claimant] requested interim compensation payments (called temporary total disability)." In *Likens v. SAIF,* 56 Or App 498, 501, 642 P2d 342 (1982), we stated that we understood *Jones* "to require payment of temporary total disability compensation no later than the 14th day after the employer has notice of the claim." No case suggests that ORS 656.262 provides for a distinct set of benefits. It merely establishes when compensation due under the other sections becomes payable. We conclude that the judicially created term "interim compensation" describes temporary total disability benefits due not later than 14 days after notice of an injury and before acceptance or denial of the claim. It is payable pursuant to both ORS 656.210 and ORS 656.262. We hold that payment is not stayed pending appeal or judicial review.

Employer asserts that, in any event, the claim was void *ab initio,* because it was not asserted in a timely manner. We do not reach that contention, because employer does not explain here why the claim was untimely.

On cross-petition, claimant asserts that the Board erred in reducing a penalty awarded for employer's failure to pay the previously awarded interim compensation. The referee initially awarded claimant interim compensation for all the time between 14 days after employer received notice of the claim and the date of the denial. That award was made, in view of our decision in *Bono v. SAIF,* 66 Or App 138, 673 P2d 558 (1983), *reversed* 298 Or 405, 692 P2d 606 (1984), without consideration of whether claimant had lost time from work. Pending review by the Board, employer refused to pay interim compensation. At claimant's request, a second referee, enforcing the first referee's decision, assessed a penalty on the full amount of interim compensation that had been withheld. The Board reduced the penalty to reflect the reduced amount of interim compensation that was due on application of the Supreme Court's decision in *Bono v. SAIF, supra,* which had

come down after the second referee's decision.

■ ORS 656.262(10) authorizes a penalty for an unreasonable delay or refusal to pay compensation on amounts "then due." At the time when the second referee assessed a penalty, the amount "then due" was the full amount of interim compensation. The fact that that amount was later reduced by the Board due to a change in the law does not alter the fact that, when the compensation was due, employer refused to pay it. Therefore, the second referee properly assessed a penalty on the full amount of interim compensation which had been awarded by the first referee.

Affirmed on petition; reversed on cross-petition; referee's penalty order reinstated.