Argued and submitted March 25, reversed and referee's order reinstated November 12, reconsideration denied December 31, 1987, petition for review allowed by opinion April 5, 1988
See 305 Or 466 (1988)

In the Matter of the Compensation of
Terry L. Hunter, Claimant.

## HUNTER,
*Petitioner,*

*v.*

## TELEDYNE WAH CHANG et al,
*Respondents.*

(WCB No. 84-13275; CA A39205)

745 P2d 427

James L. Edmunson, Eugene, argued the cause for petitioner. With him on the brief was Malagon & Moore, Eugene.

Bradley R. Scheminske, Portland, argued the cause for respondents. With him on the brief was Davis, Bostwick, Scheminske & Lyons, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

**NEWMAN, J.**

Claimant seeks review of an order of the Workers' Compensation Board which reversed the referee's order requiring insurer to pay "interim compensation" pending Board review of an earlier referee's decision awarding interim compensation. ORS 656.313.[1] We reverse.

Claimant requested a hearing on employer's denial of his occupational disease claim. The referee upheld the denial but awarded interim compensation, relying on our decision in *Bono v. SAIF,* 66 Or App 135, 673 P2d 558 (1983), where we held that a claimant could recover interim compensation, although she continued to work.[2] Both parties requested Board review of the order. Pending review, insurer refused to pay interim compensation. Claimant requested a second hearing on that refusal.

The Supreme Court then decided *Bono v. SAIF,* 298 Or 405, 692 P2d 606 (1984), in which it reversed this court and held that a claimant could not recover interim compensation if he had no time loss. Following the Supreme Court's decision, the Board reversed the first referee's award of interim compensation, because claimant had no time loss due to an occupational disease.

The second referee then ruled that, regardless of

---

[1] ORS 656.313 provides:

"(1) Filing by an employer or the insurer of a request for review or court appeal shall not stay payment of compensation to a claimant.

"(2) If the board or court subsequently orders that compensation to the claimant should not have been allowed or should have been awarded in a lesser amount than awarded, the claimant shall not be obligated to repay any such compensation which was paid pending the review or appeal.

"* * * * *

"(4) Notwithstanding ORS 656.005, for the purpose of this section, 'compensation' means benefits payable pursuant to the provisions of ORS 656.204 to 656.208, 656.210 and 656.214 and does not include the payment of medical services."

[2] In *Bono,* we stated that interim compensation is

"primarily to induce insurers to deny a claim promptly or be required to pay interim compensation, regardless of the validity of the claim. It is not really payment for a compensable loss; *its function is to protect a claimant against unreasonable delay in processing the claim.*" 66 Or App at 143. (Emphasis supplied.)

*Bono* and the Board's decision, insurer must pay interim compensation. Insurer sought review, and the Board again reversed. The Board erred. *Georgia Pacific v. Hughes,* 85 Or App 362, 736 P2d 602, *rev allowed* 304 Or 55 (1987).

Reversed; referee's order reinstated.