Argued and submitted November 3, 1987, the decision of Court of Appeals affirmed in part and reversed in part and order of Workers' Compensation Board affirmed March 15, 1988

In the Matter of the Compensation of
Howard E. Hughes, Claimant.

GEORGIA-PACIFIC CORPORATION,
*Petitioner,*

*v.*

HUGHES,
*Respondent.*

(WCB 84-12107; CA A39769; SC S34107)

751 P2d 775

George W. Goodman, McMinnville, argued the cause for petitioner-cross respondent on review. On the petition were Jerry K. Brown and Cummins, Cummins, Brown, Goodman & Fish, P.C., McMinnville.

Darren L. Otto, Salem, argued the cause and filed the Response to Petition for Reconsideration/Review.

CAMPBELL, J.

## CAMPBELL, J.

The principal issue in this Workers' Compensation case is whether the payment of an award of "interim compensation" is stayed pending an employer's or insurer's appeal of the award.

On April 16, 1982, claimant filed a stress-related occupational disease claim against Georgia-Pacific, a self-insured employer. Claimant did not work from that time until November 29, 1982. Georgia-Pacific denied the claim on July 8, 1983. It paid claimant no compensation between the time claimant filed and the time it denied the claim.

A Workers' Compensation Board referee concluded that claimant's claim was not compensable but that claimant was entitled to receive interim compensation pursuant to ORS 656.262 for the period between the claim's filing and its denial. Georgia-Pacific requested Board review of this determination and refused to pay the awarded interim compensation pending that review.

Claimant requested a hearing on Georgia-Pacific's refusal to pay. A second referee concluded that the interim compensation awarded was "compensation" within the meaning of ORS 656.313(4) and that, pursuant to ORS 656.313(1), payment of that compensation was not stayed pending Georgia-Pacific's appeal. The referee awarded claimant penalties and attorney fees based upon the interim compensation awarded.

On review of the first referee's decision, the Board applied our newly minted opinion in *Bono v. SAIF*, 298 Or 405, 692 P2d 606 (1984), reducing the award of interim compensation to reflect only the period from April to November 1982, during which claimant was actually off work. On review of the second referee's decision, the Board agreed with the referee's conclusion that awards of interim compensation are not stayed, but reduced the penalty levied against the employer to conform to the modified interim compensation award.

The Court of Appeals agreed with the conclusion that interim compensation is not stayed pending appeal and that penalties were properly levied on the basis of the employer's refusal to pay pending appeal. *Georgia-Pacific v. Hughes,* 85 Or App 362, 736 P2d 602 (1987). However, the court reinstated

the entire penalty levied by the referee on the ground that *Bono* reflected a change in the law so that at the time the interim compensation was awarded, it was "then due" within the meaning of ORS 656.262(10). *Id.* at 367. For the reasons set out below, we affirm the Court of Appeals' conclusion that awards of interim compensation are subject to ORS 656.313, but reverse the reinstatement of that portion of the penalty stricken by the Board.

The relevant portions of ORS 656.313 read:

"(1) Filing by an employer or the insurer of a request for review or court appeal shall not stay payment of compensation to a claimant.

"* * * * *

"(4) Notwithstanding ORS 656.005, for the purpose of this section, 'compensation' means benefits payable pursuant to the provisions of ORS 656.204 to 656.208 [Death and permanent total disability], 656.210 [Temporary total disability] and 656.214 [Permanent partial disability] and does not include the payment of medical services."

ORS 656.005(8) reads:

" 'Compensation' includes all benefits, including medical services, provided for a compensable injury to a subject worker or the worker's beneficiaries by an insurer or self-insured employer pursuant to this chapter."

The issue in this case, therefore, is whether "interim compensation" payable in accordance with the provisions of ORS 656.262 qualifies as "compensation" within the meaning of 656.313(1). Georgia-Pacific argues that the interim compensation is paid "pursuant" to ORS 656.262 rather than one of the statutes specifically enumerated in ORS 656.313(4), and for this reason it is not subject to ORS 656.313(1). Georgia-Pacific maintains that had the legislature intended to include interim compensation in that definition it would have done so expressly. For the reasons set out below, we hold that interim compensation is compensation within the meaning of ORS 656.313 and that payment of an award of interim compensation is therefore not stayed pending the employer's appeal.

We begin by considering the nature of interim compensation. ORS 656.262 provides in relevant part:

"(2) The compensation due under this chapter shall be

paid periodically, promptly and directly to the person entitled thereto upon the employer's receiving notice or knowledge of a claim, *except where the right to compensation is denied by the insurer or self-insured employer.*

"* * * * *

"(4) The first instalment of compensation *shall be paid no later than the 14th day after the subject employer has notice or knowledge of the claim.* Thereafter, compensation shall be paid at least once each two weeks, except where the director determines that payment in instalments should be made at some other interval. * * *

"* * * * *

"(6) Written notice of acceptance or denial of the claim shall be furnished to the claimant by the insurer or self-insured employer within 60 days after the employer has notice or knowledge of the claim. *Pending acceptance or denial of a claim, compensation payable to a claimant does not include the costs of medical benefits or burial expenses.* * * *

"* * * * *

"(10) If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382."[1] (Emphasis added.)

In *Jones v. Emanuel Hospital,* 280 Or 147, 151, 570 P2d 70 (1977), this court held that "[s]ubsection (2), construed together with subsections (4) and (5) [now subsections 2, 4 and 6 of ORS 656.262] requires the employer to pay what may for convenience be called interim compensation payments until the employer denies the claim." In *Jones* the claimant filed a workers' compensation claim for temporary total disability based upon severe and debilitating cramps. The employer did not deny her claim until more than six months had passed.

---

[1] ORS 656.382(1) reads:

"If an insurer or self-insured employer refuses to pay compensation due under an order of a referee, board or court, or otherwise unreasonably resists the payment of compensation, the employer or insurer shall pay to the claimant or the attorney of the claimant a reasonable attorney fee as provided in subsection (2) of this section. To the extent an employer has caused the insurer to be charged such fees, such employer may be charged with those fees."

During that period, the employer paid no compensation to the claimant. This court concluded that the provisions of ORS 656.262, read in combination, imposed upon an employer against whom a claim is made a duty either to deny the claim or to make interim payments of compensation pending action on the claim. Unless the employer has denied the claim, for whatever reason, on or before the 14th day after receiving notice or knowledge of the claim, payment of the first instalment of compensation under that claim must be paid on that day. The employer must continue making compensation payments "at least once every two weeks" until it either accepts the claim (in which case payments continue) or denies the claim (in which case it may suspend payments pursuant to ORS 656.262(2)). This duty arises regardless of whether the claim is ultimately found to be compensable.[2] 280 Or at 151-52.

In *Bono v. SAIF, supra,* this court reaffirmed *Jones,* but recognized that payment of interim compensation was dependent upon its calculability. Where the compensation is not otherwise calculable, the provisions of ORS 656.210 should be used.

"It is not necessary for a worker to be totally disabled in

---

[2] In *Jones* this court read ORS 656.262 as "giv[ing] the employer two choices: deny the claim or make interim payments." 280 Or at 151. The court read the statute as denying the employer

"a third choice: to delay acceptance or denial of the claim while making no interim payments. This third choice would delay the worker's appeal from an adverse decision since the worker cannot appeal until he or she receives the notice of denial. ORS 656.262(6). During this time, the worker would receive no benefits; thus, the employer would be able to gamble on the ultimate outcome of the case and at the same time delay that outcome. We decline to adopt such an interpretation of the statute and hold that the word 'compensation' includes interim compensation."

*Id.* In the instant case, Georgia-Pacific made precisely that prohibited "third choice." Here Georgia-Pacific would have us hold that not only may the employer fail to pay compensation pursuant to the schedule mandated in ORS 656.262(4), it may withhold those payments throughout the appeals process. In the words of the *Jones* court, Georgia-Pacific's argument "does violence to the intent of the statute." 280 Or at 151. In *Jones,* this court held that the employer's mere refusal to pay interim compensation pursuant to the statutory schedule constituted unreasonable refusal to pay, and justified penalties pursuant to ORS 656.262(10) and attorney fees pursuant to ORS 656.382(1). The issue of whether an employer's appeal stays payment of interim compensation should never arise, because if a claim was filed, if the employer did not deny it within 14 days and if the compensation was calculable, the compensation should already have been paid pursuant to the schedule in ORS 656.262(4). Nothing in the statutes permits the employer to withhold those payments.

order to receive interim compensation. Any claim for a disabling compensable injury will trigger the ORS 656.262(4) payments. However, to the extent that the amount of such payments cannot be calculated, the worker should receive as interim compensation the temporary total disability benefits specified in ORS 656.210."

298 Or at 410. Temporary total disability payments are calculated on the basis of time loss. Where the claimant has lost no time, the payments are not calculable.

"The purpose of interim compensation is to compensate the injured worker for leaving work. This is true even where this results from a non-compensable injury, as in *Jones*. However, if the worker does not demonstrate that he or she left work, interim compensation is not required."

298 Or at 410.

We next consider the purposes of ORS 656.313(4). We first note that while subsection (4) states that for the purposes of subsection (1) " 'compensation *means*' " the listed statutes, it specifically *excludes* only medical services from its coverage. (Emphasis added.) The legislative history of this provision reveals the reasons for this. The legislature in 1979 added subsections (3)[3] and (4) to ORS 656.313 for the specific

_____

[3] ORS 656.313(3) reads:

"If an insurer or self-insured employer denies the compensability of all or any portion of a claim submitted for medical services, the insurer or self-insured employer shall send notice of the denial to each provider of such medical services and to any provider of health insurance for the injured worker.

"After receiving notice of the denial, a medical service provider may submit medical reports and bills for the disputed medical services to the provider of health insurance for the injured worker. The health insurance provider shall pay all such bills in accordance with the limits, terms and conditions of the policy. If the injured worker has no health insurance, such bills may be submitted to the injured worker. A provider of disputed medical services shall make no further effort to collect disputed medical service bills from the injured worker until the issue of compensability of the medical services has been finally determined. When the compensability issue has been finally determined or when disposition of the claim has been made pursuant to ORS 656.289(4), the insurer or self-insured employer shall notify each affected medical service provider and each affected health insurance provider of the results of the determination, including the results of proceedings under ORS 656.289(4) and the amount of any settlement. If the services are determined to be compensable, the insurer or self-insured employer shall reimburse each health insurance provider for the amount of claims paid by the health insurance provider pursuant to this section. Such reimbursement shall be in addition to compensation or medical benefits the worker receives. Medical service reimbursement shall be paid directly to the health insurance provider. As used in this subsection, 'health insurance' has the meaning for that term provided in ORS 731.162."

purpose of overruling the Court of Appeals' decision in *Wisherd v. Paul Koch Volkswagen,* 28 Or App 513, 559 P2d 1305 (1977). *Wisherd* held that because the definition of "compensation" in ORS 656.005 includes "medical services," ORS 656.313 applied to awards of medical benefits and required their "immediate payment * * * by virtue of the order when the order is entered." 28 Or App at 517. The Senate committee that adopted the amendment specified "on the record that this is not an attempt to deny payment or require coverage of *any form* of compensation *other than medical services,*" Minutes, Senate Committee on Labor, Consumer and Business Affairs (June 12, 1979) (emphasis added). ORS 656.313(4) is thus consistent with the provision in ORS 656.262(6), added by the 1981 legislature, that "[p]ending acceptance or denial of a claim, compensation payable to a claimant does not include the costs of medical benefits * * *." There is, consequently, no reason to conclude that ORS 656.313(4) was intended to exclude interim compensation from coverage under subsection (1) if it is otherwise properly considered "compensation."

■     ORS 656.003 provides that "[e]xcept where the context otherwise requires, the definitions given in this chapter govern its construction." Both ORS 656.262(4) and (6) refer to the payments made pending the employer's acceptance or denial of the claim as "compensation." They are calculated and paid in the same manner as the "compensation" required to be paid during the appeals process. ORS 656.262 creates no independent substantive basis for compensation—it simply sets out the mechanism and procedure to be adhered to in paying the compensation due pursuant to the substantive provisions of the statutes enumerated in ORS 656.313(4). ORS 656.262 in essence creates a presumption, pending the employer's action on the claim, that a claim is for a "compensable injury" and that the claimant is entitled to compensation until and unless the employer denies the claim. This situation is not substantively different from the situation in which a referee's determination that a claim is compensable is ultimately reversed on appeal. The injury was in such a case thus never truly "compensable." ORS 656.313, however, requires that it be regarded as such pending appeal.

In *Jones* this court saw "no reason to hold that 'compensation' as used in ORS 656.382 [which refers to "compensation due under an order of a referee, board or court"] has a

meaning different from 'compensation' as used in ORS 656.262." 280 Or at 153. We similarly see no reason to conclude that its meaning differs from "compensation" as used in ORS 656.313. We therefore conclude that the compensation required pending an employer's action on a claim is subject to ORS 656.313(1), and that an award of unpaid interim compensation is not stayed pending the employer's appeal.

■     Though Georgia-Pacific's petition does not specifically address the Court of Appeals reinstatement of the entire penalty levied by the second referee, we regard such a challenge as implicit in its arguments regarding the definition of "compensation." We disagree with the Court of Appeals' conclusion that the Board erred in reducing Georgia-Pacific's penalty to reflect the reduction in interim compensation that was mandated by our decision in *Bono.* The Court of Appeals reasoned:

> "ORS 656.262(10) authorizes a penalty for an unreasonable delay or refusal to pay compensation on amounts 'then due.' At the time when the second referee assessed a penalty, the amount 'then due' was the full amount of interim compensation. The fact that that amount was later reduced by the Board due to a change in the law does not alter the fact that, when the compensation was due, employer refused to pay it. Therefore, the second referee properly assessed a penalty on the full amount of interim compensation which had been awarded by the first referee."

85 Or App at 367.

The flaw in the court's reasoning is the statement that *Bono* changed the law regarding interim compensation. In fact, *Bono* merely clarified a point that is implicit in the statutes and in *Jones*—that compensation cannot be paid when there is no basis upon which to calculate it. That part of the referee's award of unpaid interim compensation, compensating claimant during a period when he was working, was never due. Consequently, Georgia-Pacific cannot be penalized for not having paid it.

The decision of the Court of Appeals is affirmed in part and reversed in part. The order of the Workers Compensation Board is affirmed.