Submitted on remand from the Oregon Supreme Court May 3, affirmed June 1, reconsideration denied September 2, petition for review allowed by memorandum opinion September 29, 1988
See 306 Or 659 (1988)

In the Matter of the Compensation of
Terry L. Hunter, Claimant.
HUNTER,
*Petitioner,*

*v.*

TELEDYNE WAH CHANG et al,
*Respondents.*

(WCB No. 84-13275; CA A39205)

755 P2d 146

James L. Edmunson and Malagon & Moore, Eugene, for petitioner.

Bradley R. Scheminske and Davis, Bostwick, Scheminske & Lyons, Portland, for respondents.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

**NEWMAN, J.**

The Supreme Court, 305 Or 466, 752 P2d 311 (1988), reversed and remanded for reconsideration our decision, 88 Or App 282, 745 P2d 427 (1987), in the light of *Georgia-Pacific v. Hughes,* 305 Or 286, 751 P2d 775 (1988). We affirm.

In *Hughes,* the Supreme Court held that we erred in reinstating a penalty for the employer's failure, pending appeal, to pay interim compensation that had been calculated on the full amount of interim compensation that had been awarded, even though the award was for a period that included time during which the claimant was working. The Supreme Court reasoned that "compensation cannot be paid when there is no basis upon which to calculate it," 305 Or at 294, and that, under *Bono v. SAIF,* 298 Or 405, 692 P2d 606 (1984), there was no basis for an award of interim compensation for the period during which the claimant was working. Accordingly, the Supreme Court held that the part of the award of interim compensation for a period when he was working was "never due" under ORS 656.262(10) and, therefore, that the employer should not have been assessed a penalty for failure to pay it pending appeal. ORS 656.313(1).[1]

Applying the Supreme Court's reasoning here, there was "no basis upon which to calculate" the award of interim compensation to claimant, who never ceased working. *Georgia-Pacific v. Hughes, supra,* 305 Or at 294. Accordingly, the award was "never due" and was not "compensation" within the meaning of ORS 656.313.

Affirmed.

---

[1] In *Hughes,* the Supreme Court confirmed that an award of interim compensation that is "due" must be paid pending appeal. ORS 656.313(1). The claimant there did not seek review of the Board's order which had reduced the interim compensation to cover only the period when the claimant was not working.